**Conrad W. WEIRUP, Plaintiff—Appellant,**

v.

**COMMISSIONER SOCIAL SECURITY ADMINISTRATION, Defendant—Appellee.**

No. 05–35662.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 28, 2007.

Filed Oct. 3, 2007.

Alan Stuart Graf, Esq., Summertown, TN, for Plaintiff–Appellant.

---

Craig J. Casey, Esq., Office of the U.S. Attorney, Mark O. Hatfield, Portland, OR, Lucille G. Meis, Esq., Liva Jamala Edwards, Esq., Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: SCHROEDER, Chief Circuit Judge, SILVERMAN and BYBEE, Circuit Judges.

### MEMORANDUM *

Conrad W. Weirup appeals the district court's order granting summary judgment in favor of the Commissioner of Social Security in Weirup's action challenging the cessation of his Social Security Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 423(d)(1)(A) (2006). Weirup's benefits ceased in November 2001 after he did not respond to a request to furnish information indicating whether he was still under a disability. He requested reconsideration and eventually a hearing was held where the ALJ found that Weirup was able to make an adjustment to other work in the economy and was, therefore, not disabled within the meaning of the Social Security Act. The district court affirmed.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order upholding the Commissioner's denial of benefits *de novo. See Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005). We may set aside a denial of benefits "only if it is not supported by substantial evidence or if it is based on legal error." *Flaten v.*

*Sec'y of Health and Human Servs.,* 44 F.3d 1453, 1457 (9th Cir.1995).

■ Weirup argues that the ALJ failed to point to any medical evidence that indicated that Weirup's medical condition improved since he was deemed disabled. The ALJ's finding that Weirup experienced medical improvement is supported by substantial evidence in the medical records: Weirup has had several surgeries that were considered successful; he appears to lead a lifestyle that includes hunting, fishing, doing chores around the house, socializing, and tending to his garden; and a medical evaluation found that he did not have problems with concentration and had no episodes of decompensation.

■ Weirup argues that the ALJ erred in finding his testimony regarding his pain and physical limitations, his brother's testimony, and his mother's testimony not credible. The ALJ found that Weirup's testimony regarding the disabling effects of his pain was inconsistent with the medical records. The ALJ found Weirup's brother's testimony regarding Weirup's physical limitations also was inconsistent with the medical records because the records evince that Weirup goes hunting and fishing with his son. The ALJ did not make an adverse credibility finding regarding Weirup's mother's testimony. To the contrary, he found the lay witnesses generally credible. To the extent that the ALJ rejected Weirup's and his brother's testimony, he gave sufficient reasons for doing so and these reasons are supported by substantial evidence in the record. *See Bruton v. Massanari,* 268 F.3d 824, 828 (9th Cir.2001). Further, the reasons he provided for rejecting Weirup's brother's

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

testimony were germane to the witness. *See Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1298 (9th Cir. 1999).

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided

