**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| E.R.H., | No. 09-55332 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01702-SJO-CT |
| v. | |
| | MEMORANDUM* |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted June 11, 2010**
Pasadena, California

Before: D.W. NELSON and GOULD, Circuit Judges, and GWIN, District Judge.***

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

E.R.H. appeals the district court's judgment affirming the Social Security Commissioner's denial of E.R.H.'s application for child's insurance benefits under Title II of the Social Security Act. E.R.H. alleged disability on the basis of anxiety, panic attacks, agoraphobia, claustrophobia, depression, limitations on cognitive functions, and fatigue.

E.R.H. first argues that the burden was on the Administrative Law Judge ("ALJ") to prove that E.R.H. was not disabled prior to December 1985, when E.R.H. turned twenty-two years old. E.R.H. is mistaken. The burden of proving disability is on the claimant. *See* 20 C.F.R. §§ 414.1512(a) ("In general, you have to prove to us that you are . . . disabled."), 404.1512(c) ("You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled."). Nor did the medical prognosis of E.R.H.'s mental illness operate conclusively to establish a qualifying onset date. While the medical sources that E.R.H. cites—of which we take judicial notice—state that mental illness may start during youth, these same sources establish that later onset is also possible.[1]

---

[1]     *See* American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 307 (4th ed. 2000) (stating that schizophrenia can arise between an individual's late teens and mid-thirties, or even later).

E.R.H. also contends that the ALJ did not give sufficient reasons to reject treating physician Dr. Rutland's opinion that E.R.H. was disabled "as far back as 1980." We disagree. The ALJ gave specific and legitimate (and even clear and convincing) reasons for rejecting Dr. Rutland's opinion of a 1980 onset date, which was contrary to the prior finding of non-examining physician Dr. Halpern that E.R.H. became disabled on April 1, 1998. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ reasoned that Dr. Rutland did not start treating E.R.H. until eighteen years after the onset date Dr. Rutland had identified, that Dr. Rutland had no treatment notes supporting a 1980 onset date, and that no medical evidence in the record on which the ALJ could rely supported a 1980 onset date. These reasons are supported by substantial evidence. *Id.* at 830–31. Although retrospective medical opinions are relevant to a disability determination, *see Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988), the ALJ was not absolutely bound to accept Dr. Rutland's retrospective opinion and permissibly rejected it for the reasons given, *see Johnson v. Shalala*, 60 F.3d 1428, 1432–33 (9th Cir. 1995). Further, E.R.H. submitted no medical or school records from the relevant period. And mere statements from E.R.H.'s father and from E.R.H.'s childhood friend do not establish that any problems of E.R.H. rose to the level of disability before age twenty-two.

3

E.R.H. next argues that the ALJ fell short of his duty to develop the record by not recontacting Dr. Rutland, *see Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002), and by not consulting a medical expert regarding the disability onset date, *see Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998).[2] We are not persuaded. The ALJ reviewed the record and had adequate information to conclude that it was clear that the disability onset date at the earliest was 1998.[3]

E.R.H. finally contends that the Appeals Council erred in its decision to deny review rather than remand the matter back to the ALJ or award benefits. We conclude that there was no error in the Appeals Council's denial of review. The new evidence presented to the Appeals Council—including Dr. Rutland's 2007 declaration and documents omitted from the administrative record—was

---

[2] Contrary to E.R.H.'s argument, the ALJ permissibly cancelled the previously scheduled examination, *see* 20 C.F.R. § 404.1517 (stating that the Commissioner *may* request an examination), which, in any event, would have focused on E.R.H.'s current and not then-disputed functional limitations.

[3] We reject E.R.H.'s contention that the Social Security Administration did not aid him in developing the record and that he was thereby denied due process. Disability Determination Services sent requests for medical records to E.R.H.'s doctors and health providers. The ALJ considered these materials and other materials from Dr. Halpern, E.R.H.'s father, and E.R.H.'s childhood friend, and included them as part of the administrative record.

immaterial. *See Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001).[4] Even assuming that the Appeals Council was required to review the entire record when it received new but immaterial evidence, *cf.* 20 C.F.R. § 404.970, E.R.H.'s contention that the Appeals Council did not do so is unfounded. Although the Appeals Council stated that it considered the new evidence, this does not show, and E.R.H. has not demonstrated, that the whole record was not also reviewed.[5] The Appeals Council properly denied review.

**AFFIRMED.**

---

[4] Dr. Rutland's 2007 declaration, like his 2006 declaration, did not address the ALJ's concern that the record contained no medical evidence that the ALJ could rely upon supporting a 1980 onset date. And the documents omitted from the administrative record contained information either cumulative of other record evidence or not bearing on the onset-date issue.

[5] We reject, for the same reasons, E.R.H.'s claim that the Appeals Council violated E.R.H.'s due process rights by not reviewing the entire record.