**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIET M. EDWARDS, | No. 13-56352 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-05875-SS |
| v. | |
| CAROLYN W. COLVIN, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Suzanne H. Segal, Magistrate Judge, Presiding

Submitted November 3, 2014[**]

Before:     LEAVY, GRABER, and W. FLETCHER, Circuit Judges.

Juliet M. Edwards appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review the district court's order de novo. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We may set aside the denial of benefits only if it is not supported by substantial evidence or rests on legal error. *Id.*

Edwards first contends that, because a vocational expert testified that she would be unable to perform her past relevant work or any other work if she needed a cane to walk, the district court erred by not considering her use of a cane in determining her residual functional capacity. Because Edwards failed to raise this argument before the district court, this issue is waived. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

Edwards next contends that the administrative law judge ("ALJ") erred by finding that her statements concerning the intensity, persistence, and limiting effects of her symptoms and her need for a cane were not credible. The ALJ provided specific, clear and convincing reasons for rejecting Edwards's testimony concerning the debilitating effects of her pain and her need for a cane. First, Edwards's subjective complaints of pain were not supported by the medical evidence. *See Chaudhry v. Astrue*, 688 F.3d 661, 670-71 (9th Cir. 2012) (holding that the ALJ properly relied on medical evidence undermining the claimant's subjective assessment of limitations). Medical treatment records following Edwards's injury indicate that she reported only mild tenderness in her mid-lumbar

spine and was prescribed a non-narcotic pain reliever and physical therapy, which she later reported resolved her symptoms. She was found to have no permanent disability and was released back to work with no restrictions.

In addition to considering medical evidence to assess Edwards's credibility, the ALJ properly took into account that Edwards stopped working due to a felony conviction, not because of debilitating back pain. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (relying on the claimant's layoff as a permissible ground for disbelieving complaints of severe pain).

Finally, in assessing Edwards's credibility regarding her pain and need for a cane, the ALJ properly considered that Edwards received only conservative treatment. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (stating that evidence of conservative treatment permits the ALJ to discount the claimant's testimony regarding the severity of an impairment).

Accordingly, substantial evidence supports the ALJ's determination that Edwards had the residual functional capacity to perform her past relevant work and therefore was not disabled.

**AFFIRMED.**