**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

APR 13 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AZAD MOHAMMED SADEEQ, | No. 13-35931 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-01137-AC |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted November 21, 2014**

Before:     HUG, FARRIS and CANBY, Circuit Judges.

Azad Mohammed Sadeeq appeals the district court's summary judgment

order affirming the Commissioner of Social Security's denial of his application for

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

supplemental security income under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sadeeq contends that the Administrative Law Judge (ALJ) erred by finding at step two of the sequential evaluation process that his gout was not a severe impairment. The ALJ reasonably inferred that because Sadeeq previously was able to continue working despite experiencing gout symptoms and there was no evidence that his condition worsened after his disability onset date, his gout did not constitute a severe medically determinable impairment that would prevent performance of his job. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

Sadeeq next contends that the ALJ erred by discounting his testimony and the written testimony of his wife regarding the debilitating effect of his heart condition and leg pain. The ALJ provided specific, clear and convincing reasons to discount Sadeeq's testimony and the written statements of Sadeeq's wife regarding the intensity, persistence and limiting effects of Sadeeq's symptoms.

First, the ALJ properly found that Sadeeq's assertion of debilitating limitations was undermined by the medical evidence. *See Chaudhry v. Astrue*, 688

F.3d 661, 670-71 (9th Cir. 2012) (holding that the ALJ properly relied on medical evidence undermining claimant's subjective assessment of limitations). Second, the ALJ was permitted to consider whether Sadeeq stopped working for some reason other than his alleged disability. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). Third, the ALJ did not err by concluding that Sadeeq's trip to Mecca for a pilgrimage suggested that the alleged symptoms and limitations may have been overstated. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (finding that based on claimant's travel to Venezuela, the ALJ could properly infer that claimant was not as physically limited as he purported to be).

The ALJ properly also gave specific germane reasons for giving little weight to the lay witness testimony of Sadeeq's wife because it described essentially the same limitations as Sadeeq's own testimony. *See Valentine v. Comm'r of the Soc. Sec. Admin.,* 574 F.3d 685, 694 (9th Cir. 2009).

Finally, in arguing that the ALJ's step-four finding was not supported by substantial evidence and that the ALJ's hypothetical to the vocational expert was incomplete, Sadeeq simply restates his arguments, which we already have rejected, that the ALJ improperly discounted his testimony and the testimony of his wife in making the residual functional capacity determination. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

**AFFIRMED.**