**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN T. WILLIAMS,

        Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

        Defendant - Appellee.

No. 13-15842

D.C. No. 3:12-cv-02091-NC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Submitted July 6, 2015[**]
San Francisco, California

Before: GRABER and WATFORD, Circuit Judges, and FRIEDMAN,[***] District
      Judge.

---

    [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**] The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

    [***] The Honorable Paul L. Friedman, United States District Judge for the
District of Columbia, sitting by designation.

Claimant John T. Williams seeks review of a final decision of the Commissioner of Social Security, denying his claim for disability insurance benefits and supplemental security income. We review de novo the district court's decision, which affirmed the Commissioner, and may set aside the Commissioner's decision only if it contains a legal error or is unsupported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Claimant argues that substantial evidence does not support the residual functional capacity ("RFC") finding at step five of the sequential evaluation process. We affirm.

1. Substantial evidence supports the finding by the administrative law judge ("ALJ") that Claimant exaggerated his symptoms. The ALJ permissibly relied on Claimant's failure to take medications prescribed for management of his depression. See Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012) (holding that an ALJ may discount a claimant's testimony about severity of symptoms if the level of complaint exceeds the level of treatment). The ALJ also permissibly relied on Claimant's own report that he had stopped working in 2007 not because of medical problems but, rather, because he was laid off. See Bruton v. Massanari,

268 F.3d 824, 828 (9th Cir. 2001) (holding that leaving work for non-medical reasons is a proper factor in assessing credibility).

2. The ALJ did not impermissibly disregard the lay evidence from Claimant's friend Hughes. Because Hughes' testimony about the severity of symptoms derived from Claimant's own complaints, the ALJ permissibly discounted this testimony to the same extent as Claimant's testimony. See Molina, 674 F.3d at 1121 (holding that "if an ALJ has provided well-supported grounds for rejecting testimony regarding specified limitations, we cannot ignore the ALJ's reasoning and reverse the agency merely because the ALJ did not expressly discredit each witness who described the same limitations").

3. Even if the ALJ erred in rejecting a portion of Dr. Cain's testimony concerning attendance, any error was harmless. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless."). There was no evidence, apart from Claimant's testimony that the ALJ permissibly discounted, that Claimant ever had, or would be expected to have, attendance problems exceeding the vocational expert's stated threshold.

4. The ALJ permissibly gave little weight to Dr. Brandes' opinion because it was inconsistent with the opinions of other sources, including Dr. Cain and physicians at Clinic Ole. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.

3

2001) (holding that the contrary opinion of a non-examining medical source, in combination with other independent evidence in the record, may constitute a specific, legitimate reason for rejecting an examining physician's opinion).

5. The ALJ permissibly rejected therapist Hicks' opinion because it was inconsistent with the opinions of other sources. Id.

6. The RFC finding adequately incorporated limitations related to concentration, persistence, or pace because it limited the work that Claimant could do to simple, repetitive tasks. See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1176 (9th Cir. 2008) (approving a similar RFC finding in similar circumstances).

**AFFIRMED.**