**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESSIE D. PAGE, | No. 14-35243 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-01107-AA |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Submitted October 16, 2015[**]

Before:    THOMAS, Chief Judge, D.W. NELSON and LEAVY, Circuit Judges.

Jessie D. Page appeals the district court's order affirming the Commissioner

of Social Security's denial of his application for supplemental security income

under Title XVI of the Social Security Act.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review the district court's order de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The administrative law judge ("ALJ") provided specific, clear, and convincing reasons for discrediting Page's testimony and the testimony of Page's mother regarding the intensity, persistence, and limiting effects of his testicular pain. First, the ALJ reasonably noted that minimal objective medical findings supported Page's complaints. *See Chaudhry v. Astrue*, 688 F.3d 661, 670-71 (9th Cir. 2012). Computer tomography urinary tract imaging and testicular ultrasounds repeatedly showed normal results and the reviewing medical consultants unanimously concluded that Page's impairments were not severe.

In addition to considering the lack of objective medical evidence to assess Page's credibility, the ALJ also reasonably relied on Page's inconsistent statements as to why he left his job as a forestry aid and when his testicular pain began. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (noting that an ALJ may discredit a claimant due to inconsistent testimony); *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (stating that ALJ did not err by considering that claimant left his job because he was laid off, rather than because he was injured).

Finally, in assessing Page's credibility as to the severity of his pain symptoms, the ALJ reasonably considered that despite recommendations from

more than one medical provider, Page declined to undergo a recommended cord block treatment. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (holding that lack of treatment is a legitimate consideration in determining the severity of an impairment).

The ALJ also gave specific germane reasons for giving little weight to the lay witness testimony of Page's mother because it described essentially the same limitations as Page's own testimony. *See Valentine v. Comm'r of the Soc. Sec. Admin.,* 574 F.3d 685, 694 (9th Cir. 2009).

We reject as meritless Page's contentions that the ALJ failed to consider his inability to sustain activity over the course of a full work day and that the ALJ's hypothetical to the vocational expert was incomplete. The ALJ reasonably determined that Page could perform sedentary work based on his assessment of Page's functional limitations. Although Page argues for a different reading of the record, the ALJ's interpretation of the evidence was rational and should be upheld. *See Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008); *Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir. 1989) (proper hypothetical need only include those restrictions that were supported by substantial evidence).

**AFFIRMED.**