Lawrence E. **BRUTON,** Plaintiff–Appellant,

v.

Larry G. **MASSANARI,**[*] Acting Commissioner of Social Security, Defendant–Appellee.

No. 00–55022.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 18, 2001

Filed Sept. 28, 2001

As Amended Nov. 9, 2001.

---

* As of March 29, 2001, Larry G. Massanari was appointed Acting Commissioner for the Social Security Administration, and is therefore substituted for Kenneth S. Apfel as the named defendant in this action. Fed. R.App. P. 43(c)(2).

Lawrence D. Rohlfing, Attorney at Law, Santa Fe Springs, California, for the appellant.

Jacqueline Forslund, Esq., David W. Ogden, Acting Assistant Attorney General, Alejandro N. Mayorkas, United States Attorney, Janice L. Walli, Chief Counsel, Region IX, D.J. Edelman, Assistant Regional Counsel, Social Security Administration, San Francisco, California, for the appellee.

Before: PREGERSON, FERNANDEZ, and GRABER, Circuit Judges.

PREGERSON, Circuit Judge:

Plaintiff-appellant Lawrence Bruton ("Bruton") appeals from the district court's decision granting summary judgment in favor of the Commissioner of the Social Security Administration ("Commissioner") in Bruton's action for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. On appeal, Bruton argues that: (1) the district court erred in denying Bruton's motion to remand his benefits application in light of a later award of benefits based on a second application; (2) the Administrative Law Judge ("ALJ") erred in mechanically applying the Medical–Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app. 2 (the "grids"), rather than soliciting the testimony of a vocational expert; and (3) the ALJ erred in disregarding Bruton's subjective pain testimony.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because we hold that the ALJ erred in relying on the grids rather than soliciting the testimony of a vocational expert, we reverse the district court and remand to the Commissioner for further proceedings consistent with this opinion.

We affirm the district court in all other regards.

## I. BACKGROUND

Bruton was born on May 25, 1946, and is fifty-five years old. He lives with his wife and has two children, ages fifteen and twenty-four. He has an eleventh grade education and has attended some college classes.

In 1965, Bruton began his career as a machinist for Boeing Aircraft. He continued to work as a machinist for various companies until he was injured on the job in March 1993. Despite his injury, Bruton continued to work for a week and a half until April 6, 1993, at which time he was laid off. Bruton did not seek medical attention for his work-related injury until September 1993.

On June 10, 1993, Bruton filed an application for disability insurance benefits. In his application, Bruton alleged that he had been unable to work since April 6, 1993, because of lower back pain, pain in his left arm, left shoulder, left leg, and left foot. In an April 9, 1996, written decision, an ALJ found that Bruton was not disabled. Specifically, the ALJ found that although Bruton could not perform his past work, he remained capable of performing the full range of light work. In reaching this conclusion, the ALJ relied on the grids rather than soliciting the testimony of a vocational expert.

Bruton appealed the ALJ's decision to the federal district court. While Bruton's appeal in this case was pending before the Honorable Magistrate Judge Ralph Zarefsky, Bruton filed a second application for benefits. On February 26, 1999, a second ALJ awarded Bruton benefits based on his second application.

In light of this favorable decision on his second application, Bruton moved Magistrate Judge Zarefsky to remand his first application. Bruton argued that the second ALJ's favorable decision amounts to new and material evidence that is relevant to the first application. Judge Zarefsky denied the motion to remand and granted summary judgment in favor of the Commissioner. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo the district court's grant of summary judgment. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir.1996).

## III. ANALYSIS

### A. The District Court Did Not Err in Denying Bruton's Motion to Remand

Bruton first asserts that the district court erred in denying his motion to remand his benefits application in light of the later award of benefits based on his second application. This argument is unpersuasive.

■ Under 42 U.S.C. § 405(g), remand is warranted only if there is new evidence that is material and good cause for the late submission of the evidence. New evidence is material if it "bear[s] directly and substantially on the matter in dispute," and if there is a "reasonabl[e] possibility that the new evidence would have changed the outcome of the . . . determination." *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir.1984) (internal quotation marks and citations omitted) (emphasis omitted).

In this case, Bruton's second application involved different medical evidence, a different time period, and a different age classification. For these reasons, the second ALJ's subsequent decision to award benefits as of April 10, 1996, is not inconsistent with the first ALJ's denial of Bruton's initial application. We therefore hold that the district court did not err in denying Bruton's motion to remand.

### B. The ALJ Erred in Relying on the Grids

Bruton next argues that the ALJ erred in relying on the grids, rather than soliciting the testimony of a vocational expert. We agree.

As set forth above, the ALJ found Bruton not disabled because the ALJ concluded that, although Bruton could not perform his past work, he remained capable of performing the full range of light work. In reaching this conclusion, the ALJ applied the grids rather than soliciting the testimony of a vocational expert.

■ Our circuit has clearly delineated when it is appropriate for the Commissioner to rely on the grids in meeting the burden under Step Five of the five-part disability inquiry.[1] We have held that "[t]he Commissioner's need for efficiency justifies use of the grids at step five" but only when the grids "*completely* and *accurately* represent a claimant's limitations." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir.1999) (emphasis in original). "In other words, a claimant must be able to perform the full range of jobs in a given category"

---

1. At Step Five of the five-step sequential inquiry, the Commissioner bears the burden of proving that the claimant can perform "other jobs that exist in substantial numbers in the national economy." *Lewis v. Apfel*, 236 F.3d 503, 508 (9th Cir.2001); 20 C.F.R. § 416.920(f). There are two ways for the Commissioner to meet this burden: (1) by the testimony of a vocational expert or (2) by reference to the grids. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir.1999). In this case, the Commissioner attempted to satisfy his burden by applying the grids.

in order for the Commissioner to appropriately rely on the grids. *Id.*

We have also held that "significant non-exertional impairments ... may make reliance on the grids inappropriate." *Id.* at 1101–02 (citing *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 577 (9th Cir.1988)). A non-exertional impairment is an impairment "that limits [the claimant's] ability to work without directly affecting his [ ] strength." *Desrosiers*, 846 F.2d at 579.

Dr. Styner's medical report states that Bruton is "prophylactically precluded" from prolonged carrying, forceful pushing and pulling, and work *at or above the shoulder level.* The inability of a claimant to lift his arms above ninety degrees may be considered a non-exertional limitation. *Id.* at 580. Dr. Styner's medical report therefore suggests that Bruton's shoulder impairments may amount to a non-exertional physical limitation. Because Bruton may have that impairment, the Commissioner cannot rely on the grids. Instead, the Commissioner must rely on the testimony of a vocational expert to determine under Step Five of the five-step sequential inquiry whether Bruton remained capable of performing "other jobs that exist in substantial numbers in the national economy." *Lewis v. Apfel*, 236 F.3d 503, 508 (9th Cir.2001); 20 C.F.R. § 416.920(f).

### C. The ALJ Did Not Err in Rejecting Bruton's Subjective Pain Testimony

Bruton's final argument is that the ALJ erred in rejecting his subjective pain testimony. This argument does not persuade us.

In *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir.1991) (en banc), we held that, once a claimant produces objective evidence of an underlying impairment that is "reasonably likely" to cause some degree

of pain, the ALJ may not reject the claimant's subjective complaints regarding the extent and severity of her pain merely because the severity of the pain cannot be supported by objective medical evidence. *Id.* at 343 (citing *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir.1986)). Rather, "[f]or the ALJ to reject the claimant's complaints, [the ALJ] must provide specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (internal quotation marks and citation omitted).

Here, even assuming that Bruton produced objective evidence of an underlying impairment that is "reasonably likely" to cause some degree of pain, the ALJ satisfied the *Bunnell* standard by providing specific, cogent reasons for disregarding Bruton's testimony. For example, the ALJ stated that she found Bruton's subjective pain complaints not credible because, *inter alia:* (1) Bruton stated at the administrative hearing and to at least one of his doctors that he left his job because he was laid off, rather than because he was injured; (2) Bruton waited nine months after he was laid off before seeking any medical attention; and (3) Bruton failed to seek treatment despite his complaints of severe pain.

These are sufficient reasons for disregarding pain testimony under *Bunnell.* *See, e.g., Smolen*, 80 F.3d at 1284; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989). We therefore conclude that the ALJ did not err in disregarding Bruton's subjective pain testimony.

## IV. CONCLUSION

Because we hold that the ALJ erred in relying on the grids rather than soliciting the testimony of a vocational expert, we REVERSE in part the district court's decision and REMAND with instructions to

return the claim to the Commissioner for further proceedings consistent with this opinion. We AFFIRM the district court in all other regards. Each party is to bear their own costs on appeal.

REVERSED IN PART, AFFIRMED IN PART AND REMANDED.