MEMORANDUM **
Mary Salmon (“Salmon”) appeals the district court’s denial of her claims pursuant to 42 U.S.C. Section 405(g) seeking reversal and remand of the Commissioner of Social Security’s determination that she is not entitled to disability insurance benefits under Title II of the Social Security Act. Salmon claims that, as a result of a car accident, she suffers from mental and physical impairments that prevent her from working. She asserts that the administrative law judge (“ALJ”) failed properly to recognize and credit her mental impairment, improperly weighed the competing medical opinions in the record with regard to her physical impairments, and improperly rejected her pain testimony as not credible. We may set aside the Commissioner’s denial of benefits when the ALJ’s findings are based on legal error or are not supported by substantial evidence in the record. Gillett-Netting v. Barnhart, 371 F.3d 593, 595 (9th Cir.2004). We review de novo the district court’s decision upholding the denial of benefits and reverse and remand. Id.
In rejecting Salmon’s claim of mental impairment, the ALJ failed to weigh the evidence properly. The ALJ rejected the evaluation of examining physician Dr. David H. Silverman, Ph.D. that Salmon suffered a mental impairment, instead adopting the evaluation of examining psychological assistant Jacklyn Chandler, approved by Dr. Laurie Weiss, Ph.D., without offering any specific, legitimate reasons. See Carmickle v. Commissioner, Social Sec. Admin., 533 F.3d 1155, 1164 (9th Cir.2008) (“Where ... [a treat *115 ing or examining physician’s] opinion is contradicted ... it may be rejected for ‘specific and legitimate reasons that are supported by substantial evidence in the record.’ ” (internal citation omitted)). The only rationale offered by the ALJ for rejecting Dr. Silverman’s diagnosis in favor of Chandler’s testimony is Salmon’s failure to take psychotropic medication or seek therapy with a mental health professional. While a claimant’s failure to seek medical assistance for a condition may provide a basis for a finding that they did not suffer from an impairment, see, e.g. Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir.2001), the ALJ should not have drawn such a conclusion here in light of Salmon’s assertion, never rejected as not credible, that she lacked insurance and was unable to afford medical care during the relevant period. See, e.g., Orn v. Astrue, 495 F.3d 625, 638 (9th Cir.2007); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989). As a vocational expert provided testimony at Salmon’s hearing indicating that the conditions diagnosed by Dr. Silverman would prevent Salmon from performing her past relevant work, the ALJ’s failure to credit Dr. Silverman requires reversal and remand for redetermination of the ALJ’s finding of no mental disability. See, e.g., Embrey v. Bowen, 849 F.2d 418, 424 (9th Cir.1988).[1]
By contrast, the ALJ did not err in weighing the medical testimony concerning Salmon’s asserted physical impairment. Salmon asserts that the ALJ failed to give proper weight to the opinion of her treating physician, Dr. Ronald Greenwald, M.D., with regard to her alleged physical impairment and its impact on her residual functional capacity. The opinion of a treating physician is entitled to controlling weight unless contradicted by substantial evidence or not well-supported. See Lingenfelter v. Astrue, 504 F.3d 1028, 1038 n. 10 (9th Cir.2007); Orn, 495 F.3d at 631-32; 20 C.F.R. § 404.1527(d)(2). The ALJ properly determined that Dr. Greenwald’s evaluation was not well-supported by examination findings and was contradicted by the independent examination findings of Lara A. Salamacha, M.D. Therefore, the ALJ was justified in not fully crediting Dr. Greenwald’s evaluation in favor of Dr. Salamacha’s evaluation.
Although the ALJ did not err in rejecting Dr. Greenwald’s evaluation of Salmon’s physical impairments, he did err in rejecting Salmon’s own testimony concerning the severity of her physical pain. The ALJ found that Salmon suffered from at least mild objective findings of impairment that caused some degree of back pain and he found no evidence of malingering. As a result, the ALJ could not reject Salmon’s testimony concerning the severity of her pain merely on the basis that it was not fully corroborated by the objective medical evidence. See, e.g., Bruton, 268 F.3d at 828. Instead, the ALJ needed to offer “ ‘specific, clear and convincing reasons’ ” for rejecting Salmon’s pain testimony. Vasquez v. Astrue, 547 F.3d 1101, 1104-05 (9th Cir.2008) (quoting Lingenfelter, 504 F.3d at 1035-36).
None of the reasons offered by the ALJ for rejecting Salmon’s testimony are convincing. The ALJ’s reference to the excellent results from Salmon’s cervical fusion is irrelevant, as those results were limited to her neck and arm, unrelated to the back *116 pain attested to by Salmon. The ALJ’s only other offered rationale for not crediting her testimony was Salmon’s failure to seek medical attention. However, as already discussed, Salmon’s failure to seek medical attention was explained by her lack of funds and, in any case, the ALJ found that she took Vicodin for her pain.
We reverse and remand for reconsideration of the determination of Salmon’s mental capacity with instructions to accept Salmon’s pain testimony as true. See Vasquez, 547 F.3d at 1107. The level of her pain may have a bearing on her depression and overall mental problems and should be considered in that light by the ALJ.
REVERSED AND REMANDED

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Salmon also asserts that the ALJ failed properly to take into account the findings by Chandler that Salmon possessed low IQ and memory function, had a depressive affect, and was unable to "endure” the stress of the interview. However, as these arguments were not raised to the district court, they are waived. Marbled Murrelet v. Babbitt, 83 F.3d 1060, 1063-64 (9th Cir.1996).