MEMORANDUM ***
Mandi Calkins (“Calkins”) appeals from the district court’s judgment affirming the final decision of the Commissioner of Social Security denying Calkins’s application for disability insurance benefits under Title II of the Social Security Act. Calkins contends that the Administrative Law Judge (“ALJ”) erred in discounting her subjective complaints and in evaluating the medical evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we review de novo the district court’s decision upholding the denial of benefits. Bray v. Comm’r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir.2009). A decision to deny benefits will be disturbed only if it is not supported by substantial evidence or if it rests on legal error. Id. We affirm.
First, the ALJ provided “specific, cogent reasons” for discounting Calkins’s subjective complaints of pain and other symptoms. See Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir.2001). The ALJ discussed thoroughly the medical and oth *615 er documentary evidence in the record, Calkins’s history of substance abuse, specific conflicts in Calkins’s statements to doctors, and contradictions between Cal-kins’s testimony regarding her daily life activities and the statements of Calkins’s daughter and mother. This evidence is sufficient to support the ALJ’s determination that Calkins’s subjective reporting was not credible. See Bray, 554 F.3d at 1227 (“In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant’s testimony and his or her conduct, daily activities, and work record, among other factors.”).
Second, substantial evidence supports the ALFs determination that Calkins retains the residual functional capacity to do a limited range of light work. The AU provided “specific and legitimate reasons,” supported by substantial evidence, for rejecting Dr. Kosek’s controverted opinion that Calkins is restricted to part-time sedentary work and for failing to credit the controverted opinion of Dr. Shellman regarding Calkins’s mental impairments. See Bray, 554 F.3d at 1228 (citing Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1995)); Ryan v. Comm’r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir.2008).
Although Dr. Shellman performed a clinical examination of and administered psychological testing to Calkins, it appears that in formulating his opinions he relied to a very significant extent upon Calkins’s subjective reporting. Dr. Shellman diagnosed Calkins with “[mjajor depressive disorder, recurrent, severe with psychotic features”; “[pjost-traumatic stress disorder, chronic”; “[ajlcohol abuse”; and “[sjedative, hypnotic, or angiolytic abuse.” It is unlikely that such diagnoses could be based primarily upon the relatively superficial testing Dr. Shellman administered during the single hour he spent with Cal-kins. In fact, Dr. Shellman’s report makes clear that he relied upon Calkins’s self-reporting, stating that “[gjiven her history, I should consider her depression and post-traumatic stress disorder to be primary and her problems with substance abuse the concomitance of the first two diagnoses.” (emphasis added). The only medical-records Dr. Shellman reviewed were hospital records from May and June 2003; the rest of Calkins’s medical history was obtained from Calkins herself. In light of the ALJ’s determination that Calkins’s subjective reporting was not credible, the ALJ permissibly discounted Dr. Shell-man’s findings. See Bray, 554 F.3d at 1228 (“As the ALJ determined that Bray’s description of her limitations was not entirely credible, it is reasonable to discount a physician’s prescription that was based on those less than credible statements.”).
The dissent asserts that Dr. Shellman’s opinion is materially indistinguishable from the medical opinion that the agency was required to credit in Ryan and accordingly that remand is appropriate in this case. While the two medical opinions are similar in many respects, the ALJ in the instant case relied explicitly upon substantial objective evidence of Calkins’s lack of credibility as a basis for rejecting Dr. Shell-man’s opinion. Ryan did not address the extent to which an ALJ may consider such evidence when determining what weight to accord a medical opinion. Under Bray, an ALJ properly may discount a physician’s opinion that is based solely upon a claimant’s self-reporting if the ALJ concludes that the claimant’s self-reporting is not credible. Bray, 554 F.3d at 1228. Following the same rationale, an ALJ must be permitted to discount an opinion based principally upon a claimant’s self-reporting if the record contains objective evidence that the self-reporting is not credible.
The dissent maintains that as long as a physician expresses no doubts about the claimant’s credibility and makes at least *616 some clinical findings consistent with the diagnosis, the ALJ must credit the physician’s opinion. There are many situations in which applying Ryan in this way could lead to a problematic result. For example, suppose a physician had diagnosed a claimant with severe depression based primarily upon a self-reported history of suicide attempts. Suppose further that the record contained objective evidence, not available to the physician, that the claimant never had attempted suicide but had a history of lying to her doctors. Following the dissent’s view of Ryan, an ALJ would be required to credit the diagnosis of depression as long as the physician believed the claimant and made at least some independent clinical findings, even if it were apparent to the ALJ that the physician’s belief was based largely upon “facts” that turned out to be untrue. While it is not the role of an ALJ to second-guess physicians, ALJs must be able to consider medical opinions in the context of the record as a whole.
Finally, there is no merit to Calkins’s claim that the ALJ failed to consider a limitation on reaching indicated by Drs. Eder and Westfall, whose reports indicate only that Calkins is limited to occasional overhead reaching bilaterally.
AFFIRMED.

 xiiiS disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.