**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSEMARY COSTA, | No. 12-35345 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00786-JE |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted May 8, 2013
Portland, Oregon

Before: GOODWIN, REINHARDT, and HURWITZ, Circuit Judges.

Despite determining that Rosemary Costa had several impairments, an administrative law judge (ALJ) concluded that she retained the residual functional capacity to perform her past relevant work. The Social Security Commissioner accordingly denied Costa's application for disability benefits, and the district court

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

affirmed.

1. Costa asserts that the ALJ failed to provide clear and convincing reasons for rejecting her treating physician's opinion. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ, however, provided sufficient reasons, citing inconsistencies between the physician's 2009 report and previous treatment records. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ also noted that the opinion was based in part on Costa's self-reporting, which the ALJ found not reliable. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). And, the ALJ noted a physical therapist's evaluation and the analyses by two non-treating physicians, all of which were contrary to the treating physician's opinion. *See Lester*, 81 F.3d at 832.

2. Costa also challenges the ALJ's rejection of her testimony about her disabilities. The ALJ provided adequate reasons for doing so, finding that the medical evidence did not support Costa's testimony. The ALJ also found that Costa had reasons for not working unrelated to her medical condition. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002); *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

3. Costa claims that the ALJ erred in rejecting her husband's testimony. But the ALJ provided sufficient reasons for doing so, noting that the testimony was

inconsistent with Costa's in several respects.

4. Finally, Costa argues that the ALJ misclassified her past relevant work as that of a salesperson or garment sorter – both of which are "light" work – as opposed to that of a laborer, which is "medium" work. The Vocational Expert ("VE") opined that Costa could perform light – but not medium – work. The record on this issue is not sufficient to allow appellate review. Costa reported that her past work at thrift stores was as a salesperson, garment sorter, and laborer. Costa's work history report stated that when she worked at thrift stores, she "frequently" (for 1/3-2/3 of a work day) moved items of about 50 pounds. In characterizing Costa's past relevant work as light, the ALJ simply cited to the VE's testimony. But the VE had only noted that Costa's self-reporting might have supported either classification.

Although we defer to the ALJ's factual determinations, the record does not indicate whether he found Costa's description of her past work inaccurate, concluded that the laborer duties were relatively infrequent, or instead concluded that the work should be classified according to its least demanding function. The latter would be error. "In classifying prior work, the agency must keep in mind that every occupation involves various tasks that may require differing levels of physical exertion. It is error for the ALJ to classify an occupation according to the least demanding function." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008) (internal

quotation omitted) (finding improper a classification of past relevant work based on 20% of the duties performed).

Because the ALJ made no findings as to what portion of Costa's previous relevant work was light or medium, we cannot determine whether his residual functioning capacity classification was supported by substantial evidence. We therefore affirm in part, vacate in part, and remand with instructions to return the claim to the Commissioner for further proceedings consistent with this disposition.

**AFFIRMED IN PART, VACATED IN PART,** and **REMANDED** with instructions.