**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRIST RAY RICHARDSON,

        Plaintiff - Appellant,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant - Appellee.

No. 13-15167

D.C. No. 1:11-cv-01783-JLT

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge, Presiding[**]

Submitted August 18, 2014[***]

Before:    D. Nelson, Leavy, and Thomas, Circuit Judges.

    Christ Ray Richardson appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

benefits and supplemental security income under Titles II and XVI of the Social Security Act. Richardson contends that the administrative law judge ("ALJ") erred by rejecting the opinion of examining psychologist Dr. Hawkins, in favor of the opinion of non-examining psychiatrist Dr. Luu, concerning his residual functional mental capacity, and by finding that Richardson was not fully credible concerning the severity of his mental limitations. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

This court reviews the district court's order *de novo*, and may set aside the denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

The ALJ provided specific and legitimate reasons for giving limited weight to Dr. Hawkins's opinion that Richardson had a poor ability to maintain concentration, persistence, and pace, in favor of the less restrictive opinion of Dr. Luu, who opined that Richardson had only mild difficulties. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602-03 (9th Cir. 1999). First, the ALJ appropriately found that Dr. Luu's opinion was most consistent with the overall evidence pertaining to Richardson's mental health symptoms and treatment. Second, the ALJ properly relied on the fact that Dr. Hawkins himself noted that Richardson's estimated IQ scores were lower than one would expect from someone

2

with Hawkins's level of functioning. Third, the ALJ appropriately took into account the fact that Richardson told Dr. Hawkins that he was in special education in school, yet other evidence in the record indicated that he was not in special education classes. Finally, the ALJ properly found that Dr. Hawkins's report was internally inconsistent and that his conclusions regarding Richardson's mental functioning were not compatible with Richardson's ability to hold a paying job for a number of years.

To the extent Richardson argues that the opinions of state agency non-examining psychologist Alan Goldberg and state agency non-examining psychiatry resident Mark Harashasky support Dr. Hawkins's report, Richardson has waived this argument. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (explaining the general rule that this court will not consider an issue raised for the first time on appeal).

The ALJ provided clear and convincing reasons supported by substantial evidence in the record for his determination that Richardson's testimony regarding the limiting effects of his mental condition lacked credibility. The ALJ reasoned that Richardson's testimony on this critical point was without factual support and marred by inconsistencies. The record supports the ALJ's credibility determination, as Richardson did not provide testimony or evidence to substantiate

3

how his mental limitations affected his ability to work and stated that he applied for benefits prematurely, in anticipation of not being able to work at some point in the future. Richardson's ability to work part-time after applying for benefits and suggestion that he was unable to find additional work due to the economic climate lend further support to the ALJ's determination. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (stating that an ALJ may consider inconsistencies between a claimant's testimony and conduct); *Burton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (explaining that an ALJ may consider whether there are other reasons a claimant is not working).

The ALJ properly posed a hypothetical to the vocational expert containing all the limitations the ALJ found to be credible and supported by the medical record, and reasonably determined that Richardson retained the residual functional capacity to perform jobs that exist in significant numbers in the national economy. *See Thomas*, 278 F.3d at 954. The district court's decision to affirm the ALJ was supported by substantial evidence and free of legal error.

**AFFIRMED**.