**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOUIS JACK SEDILLO, Jr., | No. 14-15560 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01486-SRB |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted March 14, 2016**
San Francisco, California

Before: KLEINFELD, RAWLINSON, and HURWITZ, Circuit Judges.

Louis Sedillo appeals the district court's order affirming the denial of his

applications for disability benefits and supplemental security income. "We review

the district court's order affirming the ALJ's denial of social security benefits de

---

&ast; This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

&ast;&ast; The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo, and reverse only if the ALJ's decision was not supported by substantial evidence or if the ALJ applied the wrong legal standard." Ghanim v. Colvin, 763 F.3d 1154, 1159 (9th Cir. 2014). We affirm.

The ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting Dr. Khan's January 2012 opinion regarding Sedillo's physical capacity to work, see id. at 1160–61, finding that the record showed Sedillo could function at a higher level. The ALJ noted evidence showing that Sedillo played several sports in 2009 and worked out at the gym in 2009 and 2011, that Sedillo's medications and treatments provided consistent relief from his pain, and that Sedillo's physical examinations during his alleged disability consistently revealed negative straight leg raise testing, a normal gait, a normal range of motion, and full bilateral extremity strength. See Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004) ("[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings." (citation omitted)). The ALJ also found that no medical documentation showed a worsening of Sedillo's functional capacity between January 2011, when Dr. Khan's assessment suggested Sedillo could do light, unskilled work, and Dr. Khan's contrary January 2012 assessment. See

2

Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (ALJ properly discounted opinion of a treating physician where there was a discrepancy between his opinion and his clinic notes and other observations).

Although the ALJ gave Dr. Khan's 2011 assessment the "most probative weight," he properly rejected Dr. Khan's opinion that Sedillo was unable to stand and walk less than six hours a day, stoop, or work around moving machinery because. Sedillo's daily activities were inconsistent with such limitations, the objective medical evidence did not support those limitations, and Sedillo regularly engaged in physical activities. See Batson, 359 F.3d at 1195.

The ALJ provided specific, clear, and convincing reasons, supported by substantial evidence, for discounting Sedillo's symptom testimony. See Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012). The evidence that Sedillo was physically active conflicted with his testimony that his back and neck pain prevented him from doing anything other than making breakfast, watching television, reading, talking on the phone, and occasionally cleaning. See Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693–94 (9th Cir. 2009) (ALJ properly discounted symptom testimony where evidence of exercise and other

activities conflicted with the severity of the claimant's alleged limitations). And the objective medical evidence suggested Sedillo was managing his pain effectively, and was physically capable of doing more than he claimed. See Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.").

The ALJ's credibility determination was also supported by the inconsistencies between Sedillo's claim that his disability began in April 2009, and his search for work after his April 2009 termination. Similarly, the ALJ was entitled to rely on the inconsistency between Sedillo's claim that a July 2009 car accident caused his disability, and test results from July and September 2009 indicating his spinal condition was degenerative and congenital. See Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) ("In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony."); see also Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001) (testimony that the claimant left his job because he was laid off, rather than injured, was a "specific, cogent reason[]" for the ALJ to disregard the claimant's testimony).

4

The ALJ's determination of Sedillo's residual functional capacity was also supported by substantial evidence. The ALJ found Sedillo could perform light, unskilled work with some restrictions based on the objective medical evidence, Sedillo's regular exercise, Sedillo's improvement in functioning and decreased pain complaints as the result of treatment, his own less than credible testimony, and Dr. Khan's 2011 assessment. See 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

**AFFIRMED**.