NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK JORGENSEN, | No.    15-35978 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05135-MAT |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted November 30, 2017**

Before:    THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Mark Jorgensen appeals the district court's decision affirming the

Commissioner of Social Security's denial of Jorgensen's application for social

security disability insurance benefits and supplemental security income under

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The ALJ properly gave little weight to the opinions of Dr. Wheeler, Dr. Kodish, and Dr. Bowes because they relied on Jorgensen's self-reporting. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that an ALJ may reject a physician's opinion if it is based to a large extent on a claimant's self-reports that have been discounted as incredible).

The ALJ did not need to incorporate into his residual functional capacity (RFC) Dr. Losee's opinion that Jorgensen "may have some difficulty dealing with normal work pressures and changes in a routine work setting due to depression." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 691-92 (9th Cir. 2009) (upholding the ALJ's rejection of an equivocal medical observation).

Jorgensen's argument that the ALJ failed to account for the findings of Drs. Gaffield and Kesting lacks merit because the ALJ specifically acknowledged their findings and incorporated them into the RFC.

The ALJ reasonably gave "great weight" to Dr. Lewis's opinion because it was consistent with the overall record. The ALJ reasonably gave significant weight to the opinions of Drs. Comrie and Donahue, with the added limitation in his RFC that Jorgensen could only have occasional coworker contact and no public contact.

Jorgensen does not develop arguments in asserting that the ALJ erred in evaluating the opinions of Drs. Coder, Krueger, and McDevitt and Mr. Lindseth. Accordingly, this Court need not address this issue. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

The ALJ identified specific, clear and convincing reasons that are supported by substantial evidence for discounting Jorgensen's credibility regarding the debilitating effects of his symptoms: (1) the medical record does not corroborate his allegations; (2) there were inconsistencies between his subjective complaints and activities of daily living; (3) he stopped working for reasons other than his impairments, and gave inconsistent explanations for why his previous jobs ended; (4) he exaggerated his symptoms and put forth low effort on testing; and (5) medical professionals believed he did not work due to low motivation and his perceived disability, rather than disabling medically determinable impairments. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (holding that an ALJ can consider a lack of supporting medical evidence when assessing credibility); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (noting that an ALJ may consider activities of daily living that are inconsistent with the alleged symptoms); *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (upholding an adverse credibility determination where the claimant stated that he left his job for reasons other than his injury); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (upholding an

3

ALJ's credibility determination based on the claimant's failure to give maximum and consistent effort during two evaluations).

The ALJ gave a germane reason for assigning only "some weight" to lay witness Louisa Jorgensen because her statement was similar to Jorgensen's less than credible testimony. *Valentine*, 574 F.3d at 694; *Molina*, 674 F.3d at 1122. Although the ALJ did not discuss the observations of a Social Security Administration employee, any error is harmless because the RFC allows Jorgensen to sit and stand at will. *Molina*, 674 F.3d 1111.

**AFFIRMED.**

15-35978