**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAN M. DALEY,

            Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

            Defendant-Appellee.

No.   15-35401

D.C. No. 6:14-cv-00100-ST

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Janice M. Stewart, Magistrate Judge, Presiding

Submitted March 29, 2018[**]

Before: FARRIS, CANBY, and LEAVY, Circuit Judges.

     Dan Daley appeals the district court's affirmance of the Commissioner of

Social Security's denial of his application for disability insurance benefits under

Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The administrative law judge ("ALJ") did not err in discounting Daley's testimony. The ALJ applied the requisite two-step framework and cited specific, clear, and convincing reasons for discounting Daley's statements. *See Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ cited inconsistencies in Daley's testimony concerning his reasons for ceasing work, medical evidence and medical testimony that contradicted Daley's allegations, and reports of Daley's activities that controverted his alleged limitations. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 887 (9th Cir. 2006); *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012).

Although Daley argues his activities were not inconsistent with his alleged limitations because he never reported sustaining these activities over an eight-hour period, this argument lacks merit. The relevant inquiry is not whether the claimant could sustain the activities for eight hours, but rather whether these daily activities were inconsistent with the alleged symptoms. *See Molina*, 674 F.3d at 1112. Daley's reported activities, such as walking his dogs, pulling weeds, and operating a chainsaw, were inconsistent with the limitations Daley alleged, including that he

2

could not stand for more than ten minutes, walk for more than fifteen minutes, and grasp or hold objects at all.

The record also belies Daley's assertion that these activities slowed or ceased after 2008. The ALJ cited Daley's reports of his activities that conflicted with his alleged symptoms from throughout his claimed period of disability, including after 2008.

The record also refutes Daley's contention that there was no inconsistency in his reasons for ceasing work. As the ALJ pointed out, Daley reported on various occasions that his entire department had been eliminated, that his employer did not like him, and that he had retired.

Daley's argument that the ALJ erred by citing objective medical evidence as a reason to discount his testimony because it was insufficiently specific and by itself not a clear and convincing reason to reject his statements also lacks merit. The ALJ referred to specific excerpts in the medical record that were at odds with Daley's alleged symptoms and limitations. In addition, although an ALJ may not reject claimant testimony "based solely on a lack of objective medical evidence to fully corroborate the claimant's allegations," an ALJ may consider this factor among others, *see Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009), and in particular may rely upon medical evidence that is inconsistent with or

3

directly contradicts a claimant's alleged symptoms, *see Robbins*, 466 F.3d at 887, as the ALJ did here.

Daley maintains that, as a veteran, he should be presumed credible. Daley construes *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002), which upheld the ALJ's reliance on the claimant's poor employment history and work ethic as grounds for discounting the claimant's testimony, as supporting a form of the inverse tenet–that a claimant with a consistent work history and military service should be presumed credible. Despite his argument, the Court cannot reweigh the evidence simply because a more favorable interpretation for Daley exists. Substantial evidence supports the ALJ's decision to reject portions of Daley's testimony. *See Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997).

Daley also argues in passing that the ALJ did not consider the side effects of the medications he was taking, as well as the blindness in his left eye, when assessing his testimony. The ALJ addressed both of these issues in her decision, noting that Daley had specifically denied he experienced any side effects from his medications and concluding that Daley's reported daily activities indicated his impaired vision had not affected his functioning.

The ALJ did not commit harmful error by not deferring to the VA's disability determination. The ALJ reasoned that the VA did not attempt to identify

the degree of limitation Daley's impairments caused and did not utilize vocational evidence to establish work was unavailable for someone with Daley's limitations. To the extent that these two reasons amount to pointing out differences in the VA and SSA disability programs that are true in every case, these reasons are not specific and valid rationale that justify discounting the VA's disability finding. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009). However, the other reasons that the ALJ provided that were specific to Daley's VA disability finding, such as the fact that his diabetes symptoms had subsided or were well controlled, more recent medical evidence contradicted the VA's disability determination, and Daley's activity level was inconsistent with the VA's decision, amount to persuasive, specific, and valid reasons, rendering any error harmless. *See id.*; *Molina*, 674 F.3d at 1115.

The ALJ did not err by affording "little weight" to treating physician Dr. Jacobson's opinion. The ALJ discounted his opinion because it was inconsistent with objective medical evidence and medical opinion evidence in the record, unsupported by independent medical findings, and conflicted with Daley's own testimony. While ALJs usually "afford greater weight to a treating physician's opinion," the ALJ may disregard it when the opinion is controverted by other medical opinions in the record by citing specific, legitimate reasons based on

5

substantial evidence, which the ALJ did in this case. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Although Daley contends Dr. Jacobson's opinion is actually consistent with other medical evidence, his arguments essentially amount to advancing an alternative interpretation of the record. Because the ALJ's interpretation is rational, even if an alternative interpretation is available, this does not justify disturbing the decision. *See Ryan v. Comm'r Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Daley also fails to show how the ALJ committed harmful error by not according more weight to Dr. Jacobson's opinion in light of his specialization in diabetes treatment. The record indicates Daley's diabetes symptoms were well controlled and did not contribute to his alleged disabling symptoms.

Despite Daley's contention the ALJ erred by citing his reported activities as incongruous with Dr. Jacobson's opinion, alleging he stopped these activities, such as using tools, two years prior to the November 2011 hearing, the record shows Daley engaged in these activities in 2010 and 2011. The Court upholds the ALJ's rational interpretation of the evidence. *See Ryan*, 528 F.3d at 1198.

Finally, Daley takes issue with the ALJ's language that Dr. Jacobson's opinion "fails to controvert the findings of Dr. Hamby and Mr. Park," arguing

Daley is not required to prove his treating doctor's opinion successfully controverts other evidence in the record. This language is not part of the ALJ's substantive reasoning in support of her decision to afford little weight to Dr. Jacobson's opinion. The ALJ analyzed the extent to which Dr. Jacobson's opinion was supported by diagnostic evidence and consistent with the record, in accordance with the Court's case law. *See Trevizo*, 871 F.3d at 675.

**AFFIRMED.**