NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERESA CHIPMAN, | No. 17-35797 |
| Plaintiff-Appellant, | No. 3:16-CV-01856-BR |
| v. | MEMORANDUM* |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted March 27, 2019**

Before:     FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.

Teresa Jeanne Chipman appeals pro se the district court's affirmance of the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Titles II and XVI of the Social Security Act. We have

jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo,

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The ALJ did not err in applying the "closely approaching advanced age" category at Step Five of the sequential analysis. Although Chipman would attain "advanced age" within months of the hearing before the ALJ, the ALJ was not required to use this category when considering Chipman's application. *See Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). Rather, the ALJ was required to "consider whether to use the older age category after evaluating the overall impact of all the factors of [Chipman's] case." 20 C.F.R. § 404.1563(b). The ALJ fulfilled this obligation by acknowledging Chipman was in the borderline range for these age categories and "note[d] that the vocational expert identified at the hearing that the claimant has transferable skills from her past relevant work to other jobs," thus considering the effect of the other factors included in the grids. *See id*. Because Chipman had transferable skills, the ALJ would have found her "not disabled" under the grids whether she was classified as a person of advanced age or closely approaching advanced age. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 2; *Lockwood*, 616 F.3d at 1071-72. The ALJ was not required to make any additional findings concerning why she declined to evaluate Chipman under the advanced age category. *See Lockwood*, 616 F.3d at 1073.

The ALJ provided specific, clear, and convincing reasons for discounting Chipman's testimony, including evidence that she left her last position for reasons unrelated to her medical conditions, a lack of supporting objective medical evidence, and inconsistencies between her alleged limitations and daily activities. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001); *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). In relying on Chipman's daily activities as grounds for discounting her testimony, the ALJ was not required to find those activities were comparable to activities performed during full-time working. While an ALJ "may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting," an ALJ may also discredit claimant testimony based on daily activities "to the extent that they contradict claims of a totally debilitating impairment," even if "those activities suggest some difficulty functioning." *See Molina*, 674 F.3d at 1113 (citations omitted). Any error by the ALJ in citing Chipman's receipt of unemployment benefits as grounds to reject her testimony was harmless in light of the other clear and convincing reasons the ALJ provided. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008).

The ALJ did not err in assigning little weight to the controverted opinion of Chipman's treating physician, Dr. Machado. The ALJ provided specific and

legitimate reasons supported by substantial evidence, including inconsistencies between the opinion and the objective medical evidence, as well as inconsistencies between the opinion and Chipman's daily activities. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). Chipman cites to X-ray results indicating she has arthritis, presumably to argue that this evidence supports Dr. Machado's opinion concerning the extent of her limitations. But this evidence does not show the ALJ erred. It is the province of the ALJ to resolve conflicting medical evidence, and when evidence lends itself to more than one rational interpretation, the ALJ's decision should be upheld. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008); *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Because an ALJ need not accept the opinion of a treating physician that lacks support from clinical findings, Chipman has not demonstrated the ALJ erred. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

To the extent Chipman seeks to raise additional issues not presented to the district court, those issues are waived. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

**AFFIRMED.**