

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TYLER N. THOMAS,

      Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security
Administration,

      Defendant-Appellee.

No.   17-35822

D.C. No. 2:16-cv-01429-TLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Submitted June 5, 2019[**]

Before: FARRIS, TROTT, and SILVERMAN, Circuit Judges

Tyler Thomas appeals the district court's order affirming the Social Security

Administration's denial of disability benefits. We have jurisdiction pursuant to 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review the district court's order de novo and the agency's decision for substantial evidence and legal error. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We affirm.

The ALJ's finding that mental impairments were mild is supported by the mental health records. In any event, the ALJ considered the combined impact of all impairments. Therefore, any error in finding only mild mental impairments at step two would be harmless in this case. *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017). Moreover, the ALJ incorporated the mental limitations noted by the experts into the residual functional capacity assessment by limiting Thomas to unskilled work with only occasional public interaction. As a result, the ALJ properly assessed mental limitations. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008).

The ALJ considered the medical evidence and did not err by giving weight to the opinions of Dan Phan, M.D., and Brenda Havellana, Ph.D., who examined Thomas. These opinions were entitled to more weight than those of the mental health professionals who only reviewed the records. *Ghanim v. Colvin*, 763 F3.d 1154, 1160 (9th Cir. 2014). Contrary to Thomas's claim, both doctors' opinions were supported by examination findings and were consistent with treatment records and the record as a whole.

2

The ALJ gave specific, clear and convincing reasons supported by substantial evidence for finding that Thomas was not entirely credible: (1) Thomas stopped working for reasons other than disability; (2) the testimony conflicted with the clinical findings in the record; (3) Thomas failed to seek or follow prescribed treatment for allegedly disabling pain; and (4) the testimony was inconsistent with daily living activities. The ALJ could reject the testimony for these reasons. *Molina*, 674 F.3d at 1112-13; *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). Moreover, the record was sufficiently developed for the ALJ to reasonably conclude that claims of disabling anxiety and back pain were inconsistent with daily living activities, including the ability to obtain a two-year community college degree, shop for one or two hours at a time, work on a farm, play pool weekly in a pool league, and occasionally golf.

Nor did the ALJ otherwise fail to develop the record. The ALJ questioned Thomas about additional evidence, left the record open after the hearing, added new treatment records after the hearing, and considered the new evidence. An ALJ may discharge his duty to develop the record by keeping the record open after the hearing to allow supplementation of the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The final administrative record is not ambiguous. Mental and medical experts examined Thomas and filled out residual functional

capacity assessments that were consistent with treatment records and the record as a whole. *Id.* (noting that ambiguity triggers a duty to develop the record).

The ALJ also gave a germane reason for finding that Marisue Thomas was not credible. Her statements conflicted with treatment records, which noted that Thomas was not in distress, could ambulate without difficulty, and could maintain attention and interact with other people. The ALJ could rely on the inconsistency between the statements and medical evidence to reject the lay testimony. *Bayless v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

Because the residual functional capacity assessment was supported by substantial evidence and the ALJ incorporated the supported limitations into the questions to the vocational expert, the ALJ did not err in finding that Thomas could perform other work. *Id.* at 1217.

**AFFIRMED.**