NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HEATHER L. GILLILAND,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No.    17-17428

D.C. No. 2:16-cv-01978-GMS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Submitted September 10, 2020[**]

Before:  LEAVY, CLIFTON, and BYBEE, Circuit Judges.

Heather L. Gilliland appeals the district court's judgment affirming the

Commissioner of Social Security's decision denying her application for disability

insurance benefits under Title II of the Social Security Act.  We have jurisdiction

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  We review de novo, *Attmore v.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we reverse and remand for further proceedings.

When assessing the limitations from Gilliland's fibromyalgia, the Administrative Law Judge (ALJ) erred by discounting the opinion of treating rheumatologist Dr. Mona Amin without considering Dr. Amin's treating relationship or specialization. *See Revels v. Berryhill*, 874 F.3d 648, 664 (9th Cir. 2017) ("[A] rheumatologist's specialized knowledge is particularly important with respect to . . . fibromyalgia."); *Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017) (ALJ's failure to consider the requisite factors "constitutes reversible legal error"); 20 C.F.R. § 404.1527(c)(2), (5) (generally, a treating physician's opinion is entitled to greater weight than an opinion from a non-treating source, and a specialist's opinion is entitled to greater weight than an opinion from a non-specialist).

The ALJ also erred by discounting Dr. Amin's opinion as unsupported by objective findings and apparently based on Gilliland's subjective complaints. *See Revels*, 874 F.3d at 656-57, 663 (because fibromyalgia is marked by normal objective findings and diagnosed based on the patient's subjective complaints, ALJ erred by discounting treating physician's opinion as unsupported by objective findings). The ALJ likewise erred by accepting the opinion of a nonexamining medical advisor as supported by normal objective findings. *See id.*

The ALJ also erred by discounting Dr. Amin's opinion as unsupported by Gilliland's routine and conservative treatment, where he pointed to no evidence that Gilliland's treatment, which included several pain medications and trigger point injections, was "conservative." *See id.* at 667 (ALJ's finding that a series of medications and epidural steroid injections were conservative treatment for fibromyalgia was unsupported). Finally, the ALJ erred by discounting Dr. Amin's opinion as inconsistent with Gilliland's activities of daily living, where the record established that Gilliland performed these activities with frequent breaks. *See id.* at 664 (claimant's ability to perform some household tasks with breaks was not inconsistent with doctor's opinion that she needed significant breaks); *see also Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (a plaintiff's ability to carry on "certain daily activities" does not detract from credibility).

As to limitations resulting from Gilliland's mental health impairments, the ALJ provided germane reasons to discount the opinion of licensed professional counselor Nicole Balles as unsupported by and inconsistent with the record. *See Revels*, 874 F.3d at 655 (setting out standard). The ALJ reasonably incorporated the opinion of consulting psychologist Dr. Kenneth Littlefield into the residual functional capacity by limiting Gilliland to occasional interaction with coworkers and supervisors. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (no error where ALJ translated assessed impairments into concrete work

17-17428

restrictions).

The ALJ provided clear and convincing reasons to discount Gilliland's symptom testimony based on the reason she stopped working and her attempts to find employment at a higher exertional level than her past work. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (ALJ properly discounted testimony because claimant stopped working because he was laid off, not because he was injured); *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (ALJ properly considered unsuccessful attempts to find employment); *see also Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (where the ALJ has provided a rational interpretation of the evidence, this court must uphold the ALJ's conclusion). Any error in the ALJ's remaining reasons was harmless. *See Molina*, 674 F.3d at 1115 (where ALJ provided at least one valid reason to discount testimony, error in remaining reasons is harmless).

We reverse and remand to the district court with instructions to remand to the agency for further proceedings. *See Treichler v. Comm'r, Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

**REVERSED and REMANDED.**

17-17428