**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ROBIN HEINIG, | No. 18-35159 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-01698-AA |
| v. | |
| ANDREW SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann Aiken, District Judge, Presiding

Submitted April 27, 2021[**]
San Francisco, California

Before: D. NELSON, CLIFTON, and BUMATAY, Circuit Judges.

Robin Heinig appeals the district court's affirmance of the Commissioner of

Social Security's denial of her application for disability insurance benefits under

Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

Even when the evidence is susceptible to more than one rational interpretation, we must uphold the Administrative Law Judge's (ALJ) findings if they are supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1107 (9th Cir. 2012). Here, the ALJ thoroughly evaluated the medical opinion evidence and provided specific and legitimate reasons, supported by substantial evidence, to discount the opinions of Heinig's treating physician. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017).

The ALJ properly gave little weight to Dr. Alan Mersch's opinions that Heinig was disabled because the opinions were conclusory. Additionally, the opinions were inconsistent with the objective medical evidence, including contemporaneous treatment notes, physical exam findings, and Heinig's daily activities. The ALJ properly discounted Dr. Mersch's opinion that Heinig was disabled because the ultimate determination of medical disability is reserved for the Commissioner. 20 C.F.R. § 404.1527(d)(1). The ALJ also provided specific and legitimate reasons for rejecting Dr. Mersch's 2012 checkbox form opinion because the form permitted the physician to choose only between "light" and "sedentary" work, which itself suggests the form was not intended to convey an objective medical opinion regarding the full range of possibilities for a claimant's

2

functional capacity. The checkbox form also lacked substantive support for any of its conclusions about Heinig's functional limitations.

The ALJ also gave germane reasons for discounting the opinion of physician assistant Emily Rogers. *See Molina*, 674 F.3d at 1111. Rogers's opinion was inconsistent with her treatment notes, which indicated that Heinig was stable and her medication was making a significant difference in her life and that Heinig could perform household chores and continue volunteering at a local animal shelter.

The ALJ gave specific, clear, and convincing reasons to discount Heinig's symptom testimony because the ALJ reasonably concluded that the alleged severity of Heinig's symptoms was contradicted in the record. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ properly considered Heinig's "prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). The ALJ noted several inconsistencies between Heinig's testimony and the evidence in the record, including the objective medical evidence, and Heinig's daily activities, which displayed a higher level of functioning than her reported symptoms would otherwise suggest. The ALJ also properly considered the fact that Heinig had lost her previous job due to business layoffs, not due to her impairments. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). By

3

detailing these inconsistencies, which are supported by substantial evidence, the ALJ provided clear and convincing reasons to discount Heinig's testimony. *See id.*

The Commissioner concedes that the ALJ erred at step four because the ALJ classified Heinig's past relevant work as "Call Center Supervisor" but listed the DOT number for "Customer Service Representative, Supervisor," rather than the classification for "Supervisor, Order Takers," which was the position Heinig had actually held. However, the ALJ properly concluded that even if Heinig could not perform her past relevant work, there were other jobs Heinig could perform, including mail sorter, office helper, and storage facility rental clerk, which existed in significant numbers in the national economy. Because the ALJ made this alternative step-five finding, any error at step four was harmless. *See Tommasetti*, 533 F.3d at 1042.

**AFFIRMED.**