**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LYDIA MONTOYA,

 Plaintiff - Appellant,

 v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

 Defendant - Appellee.

No. 14-15461

D.C. No. 2:12-cv-02483-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding

Argued and Submitted April 14, 2016
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and CHRISTEN, Circuit
Judges.

Claimant Lydia Montoya appeals the denial of her social security disability

benefits. The administrative law judge (ALJ) found that Montoya had a medium

residual functional capacity and determined that she was not disabled because she

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

could perform her past relevant work. As an alternative, the ALJ also found that she was not disabled under the Medical-Vocational Grids (the Grids). Although the district court found that Montoya did not have past relevant work, it affirmed the ALJ's alternative holding that she was not disabled under the Grids. On appeal, Montoya challenges the ALJ's determination of her residual functional capacity as well as his alternative holdings that she could perform her past relevant work and was not disabled under the Grids.

The ALJ's decision "should be upheld unless it contains legal error or is not supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). However, "[w]e review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Id.* at 1010. The district court's decision is reviewed de novo. *Id.*

1. Montoya first argues that the ALJ erred in determining her residual functional capacity because he failed to give "specific and legitimate reasons" for rejecting her treating physician's diagnosis. *See id.* at 1012 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). We agree.

Here, the ALJ explicitly identified the "specific and legitimate reasons" that he used for giving little weight to the opinion of Montoya's treating physician: (i) the opinion was rendered before the alleged onset date; (ii) the opinion was not

substantiated by clinical findings or diagnostic studies; and (iii) the opinion was inconsistent with that of a consultative examiner. The Commissioner concedes that the first reason regarding the onset date was inaccurate. The second reason regarding the clinical findings was an assertion for which the ALJ did not provide any examples or cite any part of the record. *See id.* (requiring a "thorough summary of the facts and conflicting clinical evidence" to discredit a treating physician (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998))). The last reason—that a consultative examiner came to a different conclusion—is not enough on its own to be a specific and legitimate reason. *Id.* at 1013.[1]

2. Montoya next contends that the ALJ erred by finding that she could perform her past relevant work because based on her low monthly average income, none of her work qualified as such. We agree with the district court that the ALJ erred on this issue.

In order for past jobs to qualify as past relevant work, they must have been substantial gainful activity. *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001). "Earnings can be a presumptive, but not conclusive, sign of whether a job is

---

[1] Montoya also contends that the ALJ erred in determining her residual functional capacity by failing to address her obesity. Because we are remanding the determination of her residual functional capacity on a different ground, we do not need to reach this issue.

substantial gainful activity." *Id.* Therefore, if the average monthly earnings are below specified amounts designated by the Social Security Administration, "the claimant has carried his or her burden unless the ALJ points to substantial evidence, aside from earnings, that the claimant *has* engaged in substantial gainful activity." *Id.*

Here, although the record is unclear whether Montoya met that average monthly income, the ALJ stated that she had past relevant work as a clerk, cashier, or meter reader without addressing the substantial gainful activity issue or developing the record on it. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("A clear statement of the agency's reasoning is necessary because we can affirm the agency's decision to deny benefits only on the grounds invoked by the agency."); *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (stating that an ALJ has a duty to fully develop the record).

3. Montoya last argues that the ALJ erred in his alternative finding because he relied on the Grids rather than using a vocational expert even though Montoya had two significant non-exertional limitations: a limitation to occasional overhead reaching and moderate difficulties in maintaining concentration, persistence, and pace. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001), *as amended* (Nov. 9, 2001). The district courts are divided on the issue whether a limitation to occasional overhead reaching is a significant non-exertional limitation that requires the use of a

vocational expert. *Compare Buford v. Colvin*, No. C13-900-RSL, 2014 WL 33214, at *7 (W.D. Wash. Jan. 3, 2014), *and Vargas v. Colvin*, No. 03:12-cv-00768-HZ, 2013 WL 3119566, at *5 (D. Or. June 18, 2013), *with Absher v. Astrue*, No. 06-cv-1131 TAG, 2008 WL 822160, at *11 (E.D. Cal. Mar. 27, 2008). We agree with *Buford* and *Vargas* and hold that an ALJ must use a vocational expert at Step 5 when a claimant has this limitation. As both *Buford* and *Vargas* note, the Social Security Administration has established that reaching is an activity "required in almost all jobs" and that the inability to reach "may eliminate a large number of occupations a person could otherwise do." *Titles II & XVI: Capability to Do Other Work—Themedical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments*, SSR 85-15, 1985 WL 56857, at *7 (S.S.A. 1985). Overhead reaching, in particular, may be necessary for jobs at all levels, including reaching overhead for a binder, stocking shelves, or holding up ladders. Given that the burden is on the Commissioner at this step and that the Administration's own

language emphasizes the importance of reaching, we hold that the ALJ erred in failing to obtain a vocational expert to testify on this issue.[2]

We remand for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

---

[2] We do not need to reach the alternative question whether moderate difficulties in maintaining concentration, persistence, and pace would preclude the use of the Grids in this case. We do note, however, that previous cases have considered psychiatric determinations at step 3 as relevant to step 5 and that, once a vocational expert is used, the ALJ "must include *all* of the claimant's functional limitations" in hypotheticals to the expert. *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (emphasis added) (internal quotation marks omitted).