**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEANINE T. LEWIS, | No. 15-35193 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-05626-BHS |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted January 24, 2018**

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges

Jeanine Lewis appeals the district court's decision affirming the

Commissioner of Social Security's denial of Lewis's application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The limitation to "low background noise" was a reasonable interpretation of Dr. Scoones's opinion that Lewis would have problems hearing "in varied levels of ambient noise." *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (requiring this Court to defer to the ALJ when substantial evidence supports the ALJ's assessment of specific functional limitations based on the available medical evidence). The ALJ's typographical error, omitting the word "no" from "requiring [no] public contact," is harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error is harmless when it is inconsequential to the ultimate nondisability determination). Substantial evidence supports the ALJ's interpretation of the medical records from Dr. Scoones, and the ALJ properly included all relevant limitations in the residual functional capacity (RFC) assessment. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197-98 (9th Cir. 2004).

The ALJ did not err in relying on the Vocational Expert's (VE) testimony because the ALJ properly included in the hypothetical all limitations from the RFC that were supported by substantial evidence, and the VE did not testify that any additional limitations or accommodations were required in order for Lewis to perform any jobs. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

The ALJ properly gave relatively more weight to the medical record than to the statement of the claimant's husband. *See Bayliss*, 427 F.3d at 1218 (holding that the ALJ properly discredited lay testimony based on inconsistencies with the medical evidence); *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (concluding that inconsistencies between lay testimony and claimant testimony are a germane reason to discredit lay testimony). Any error in relying on additional reasons was harmless because the ALJ provided other germane reasons to discredit the lay testimony. *See Molina*, 674 F.3d at 1122.

The ALJ properly rejected Lewis's testimony based on clear and convincing reasons, including lack of objective medical evidence to support her subjective claims, inconsistencies between Lewis's testimony and her ability to work in the past despite her limitations, inconsistencies between Lewis's allegation of disability and her statement that she continued looking for work after her alleged onset of disability, and inconsistencies between Lewis's testimony and activities. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1225 (9th Cir. 2010) (concluding that the ALJ reasonably discredited claimant testimony based on the claimant's ability to perform past work despite their impairments); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (explaining that the ALJ can discredit claimant testimony based on daily activities that are inconsistent with the alleged severity of the claimant's symptoms); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)

15-35193

(explaining that the ALJ cannot rely only on a lack of objective evidence to discredit claimant testimony but it is a relevant factor that the ALJ can consider); *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (including the claimant's stated reasons for leaving past work in the reasons that the ALJ properly considered in discrediting claimant testimony).

**AFFIRMED.**

15-35193

*Lewis v. Berryhill*, No. 15-35193

THOMAS, Chief Judge, dissenting:

I respectfully dissent.  The ALJ erred in her discussions of the claimant's credibility and lay testimony.  Because the errors were pervasive and material, I would reverse and remand for further proceedings.

To properly discredit Lewis's testimony, the ALJ was required to provide clear and convincing reasons supported by substantial evidence.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The ALJ failed to do so.  The ALJ did not explain how Lewis's ability to work prior to the onset of near-deafness was inconsistent with her testimony that later communication difficulties triggered her fibromyalgia and anxiety.  *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).  Similarly, she failed to explain how Lewis's ability to perform daily activities alone or with assistance was inconsistent with her testimony.  *Id.*  Nor did the ALJ determine that Lewis's daily activities translated to the workplace.  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).  The ALJ further erred by discrediting Lewis on the basis of her unsuccessful search for employment after the alleged onset date, as the claimant's inability to find employment does not suggest the absence of disability.  Finally, the remaining reason given to discredit Lewis—a lack of objective medical evidence—cannot, as a matter of law, justify an adverse

credibility rating. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ erred in discrediting Lewis's testimony.

The ALJ also gave factually and legally erroneous reasons to limit her consideration of the testimony of the claimant's husband. The ALJ erred in discrediting his testimony because of his close familial relationship with Lewis. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). The ALJ also erred in discrediting his testimony due to inconsistency with Lewis's own testimony because her determination was not supported by substantial evidence. Lewis's testimony that she did not run errands alone due to communication difficulties did not conflict with her husband's testimony that she walked their dog alone on the beach when there was no possibility of interaction with others.

I would hold that the errors in the agency decision are not harmless and reverse the district court. The "circumstances of [this] case show a substantial likelihood of prejudice, [and] remand is appropriate so that the agency can decide whether re-consideration is necessary." *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011). Therefore, I respectfully dissent.