NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIN WILLIAMS REYES, | No. 16-56225 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-07661-PSG-AS |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted March 27, 2018[**]

Before: FARRIS, CANBY, and LEAVY, Circuit Judges.

Erin Williams Reyes appeals pro se from the district court's decision

affirming the Commissioner of Social Security's denial of her application for

disability insurance benefits under Title II of the Social Security Act. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), and we affirm.

The administrative law judge ("ALJ") conducted the required two-step analysis and offered several specific, clear and convincing reasons, supported by substantial evidence, for finding that Reyes's testimony was "not entirely credible."  *See Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014). Addressing Reyes's testimony about back pain, the ALJ properly concluded that this testimony was not corroborated by the medical evidence, including a normal x-ray and an orthopedic surgeon's finding of a full range of motion in the lumbar spine.  *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (holding that although a lack of medical evidence cannot form the sole basis for discounting a claimant's pain testimony, the ALJ may consider the objective medical evidence in his credibility analysis).  In addition, the ALJ properly relied on the nonmedical reasons Reyes gave for leaving her past employment.  *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).  The ALJ also properly relied on evidence of Reyes's activities, including her statements to an examining psychiatrist, which contradicted her testimony about disabling depression.  *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (holding that ALJ may discredit testimony when claimant "reports participation in everyday activities indicating capacities that are transferable to a work setting").  Any error in other reasons provided by the ALJ

2

was harmless.  *See Brown-Hunter*, 806 F.3d at 492 (explaining that error is harmless if it is inconsequential to the ultimate nondisability determination).

The ALJ properly relied on the opinion of Dr. Rama Nadella, an examining psychologist, because no other doctor expressed an opinion on Reyes's mental capacity to work.  *See Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). (holding that to reject uncontradicted opinion of examining doctor, ALJ must state clear and convincing reasons supported by substantial evidence).

Taking into account Reyes's pro se status, the ALJ fulfilled her duty to develop the record.  *See Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 930-31 (9th Cir. 2014); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).  The Commissioner made a reasonable effort by twice requesting records of psychological treatment.  *See* 20 C.F.R. § 404.1512(d).

**AFFIRMED.**