NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 10 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RIGOBERTO B. GARIBAY, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner Social Security, <br><br> Defendant-Appellee. | No. 17-35578 <br><br> No. 2:16-cv-01676-TLF <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Theresa L. Fricke, Magistrate Judge, Presiding

Submitted August 08, 2018**

Before: TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Rigoberto Barocio Garibay appeals the district court's affirmance of the

Commissioner of Social Security's denial of his application for disability insurance

benefits and supplemental security income under Titles II and XVI of the Social

Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

Substantial evidence supports the ALJ's finding that Garibay had the residual functional capacity ("RFC") to perform work at a medium level of exertion with the additional limitations the ALJ outlined. The ALJ supported his conclusion by citing to objective medical evidence, as well as medical opinion evidence from examining psychologist Dr. Aleshire and consulting physicians Drs. Hoskins and Lewis. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148–49 (9th Cir. 2001).

The ALJ properly discounted treating physician Dr. Aldrich's opinion because Dr. Aldrich failed to support his opinion with clinical findings. *See Chaudry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). Dr. Aldrich first submitted a physician medical source statement in which he admitted that Garibay's "physical capacities were not measured" and that his assessments of Garibay's condition "are guesses." Over a year later, Dr. Aldrich submitted a "clarifying letter" supporting Garibay's claim in which he said that his "previous physician medical source statement is incorrect and completed by my error based on erroneous recollection." Accompanying this admission of error was a "page 2" to his letter blaming his earlier mistakes on his "unfortunate lack of history until recently" which led to his incorrect medical source statement. Dr. Aldrich then said he "suspects" that

2

Garibay's symptoms predate 2008 and ended his missive with a statement that "the error of prior mistakes are mine." Unimpressed by Dr. Aldrich's admission of errors, the ALJ observed that "Dr. Aldrich again failed to provide any objective findings to support his assertion that the claimant is disabled. Instead, these letters further support the conclusion that Dr. Aldrich's opinions are based primarily on the claimant's subjective reports rather than an objective assessment of his ability and limitations." Therefore, the ALJ gave Dr. Aldrich's opinions "little to no weight." [Id.] The record fully supports this conclusion.

While Garibay argues the ALJ cannot properly assess the severity of his symptoms because the ALJ is not the one experiencing them, "the ALJ is not required to believe every allegation of disabling pain." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). Garibay has not shown the ALJ applied the incorrect legal standard or that his decision lacks substantial evidentiary support, and so he has not presented a basis for reversing the ALJ's decision.

The ALJ provided specific, clear, and convincing reasons for discounting Garibay's testimony concerning the extent of his symptoms and limitations. The ALJ properly relied upon Garibay's gaps in medical treatment between October 2009 and November 2010, May 2011 and December 2012, and July 2013 through September 2014, as "an individual's statements may be less credible if the level or

3

frequency of treatment is inconsistent with the level of complaints." *Id.* at 1113 (citation omitted).

The ALJ also properly relied upon evidence in the record that Garibay stopped working for reasons unrelated to his health to discount his testimony. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). While Garibay advances an alternative interpretation of the evidence concerning why he stopped working, he does not demonstrate the ALJ's interpretation is unreasonable, and so he has not provided grounds for reversing the ALJ's decision. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

Lastly, the ALJ did not err by citing Garibay's ability to earn a college degree during his period of alleged disability when evaluating his testimony. The ALJ acknowledged that Garibay experienced difficulties completing this program; however, Garibay's ability to earn his degree despite these difficulties still serves as grounds for discounting his "claims of totally debilitating impairment." *Molina*, 674 F.3d at 1112–13 (citations omitted).

**AFFIRMED.**

4