NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 15 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOUGLAS JERRETT, | No.   18-36025 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01757-JRC |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
J. Richard Creatura, Magistrate Judge, Presiding

Submitted November 6, 2019**
Seattle, Washington

Before:  GOULD and NGUYEN, Circuit Judges, and PRESNELL,*** District Judge.

Douglas Jerrett appeals the judgment of the district court affirming the

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

Commissioner of Social Security's denial of his claim for disability benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's order de novo, *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016), we may overturn the Commissioner's decision to deny benefits only if it is not supported by substantial evidence or is based on legal error, *id.* We affirm.

Jerrett suffers from Meniere's disease, which involves balance problems, hearing loss, and severe episodes of vertigo. He was fired from his job as a press operator for reasons unrelated to his Meniere's disease. After his termination, Jerrett filed for and received unemployment benefits. As part of his application for unemployment benefits, he truthfully represented to the State of Washington unemployment office that he was able to work.

Jerrett's claim for disability benefits has cycled through three hearings before Administrative Law Judges (ALJs) and two district court remands. At his first hearing in 2012, ALJ Kimberly Boyce determined that Jerrett's subjective symptom testimony was not credible. At his most recent hearing in 2017, ALJ Wayne Araki incorporated ALJ Boyce's adverse credibility determination. The district court applied the law of the case doctrine and held that it could not reconsider ALJ Boyce's 2012 credibility determination.

It was not error for ALJ Araki to incorporate ALJ Boyce's adverse

credibility determination. In 2012, ALJ Boyce offered two specific, clear and convincing reasons for discounting Jerrett's subjective symptom testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015). Namely, Jerrett left his job for reasons other than disability and he continued to receive unemployment benefits while seeking disability benefits. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161–62 (9th Cir. 2008); *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

The district court did not abuse its discretion by relying on the law of the case when it refused to reconsider ALJ Boyce's adverse credibility determination. There was no change in the controlling law: Social Security Ruling 16-3p is consistent with existing regulations and this court's precedent. *See, e.g.*, *Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017). And the evidence on remand was not substantially different. Much of the evidence cited by Jerrett, including Dr. Ronald Hebard's 2014 letters and the 2014 Video Nystagmography testing, does not concern the relevant time period. Dr. Hebard's 2015 and 2016 letters are too vague and speculative to constitute substantially different evidence, and Dr. Sabina Scott's testimony depended upon the credibility of Jerrett's subjective symptom testimony. Finally, applying the law of the case is not a clear error resulting in manifest injustice.

**AFFIRMED.**