NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VIRGINIA E. HAMM, | No.    17-17341 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01098-NVW |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted May 11, 2020[**]

Before:      GOODWIN, SCHROEDER, and N.R. SMITH, Circuit Judges.

Virginia E. Hamm appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Hamm's application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

Social Security Act (Act). We have jurisdiction under 28 U.S.C. § 1291 and 42

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 405(g). We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

1.      The Administrative Law Judge ("ALJ") did not harmfully err in evaluating the medical evidence. First, the ALJ provided "specific and legitimate reasons that are supported by substantial evidence" for rejecting the opinions of Dr. Bagley, Hamm's treating physician. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). For example, the ALJ rejected Dr. Bagley's opinion because it was unsupported by objective evidence, was inconsistent with the record as a whole, and demonstrated a lack of understanding of social security disability programs and evidentiary requirements. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("incongruity" between physician's opinion and his treatment notes was a specific and legitimate reason to reject the opinion); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ need not accept an opinion that is "inadequately supported by clinical findings"); *see also* 20 C.F.R. § 404.1527(c) (providing that consistency with the record as a whole, supportability, and understanding of disability programs are factors to consider in evaluating medical opinions). Therefore, even assuming the other reasons proffered by the ALJ for rejecting Dr. Bagley's opinions were erroneous, any error would be "inconsequential to the ultimate nondisability determination," because the ALJ offered specific and

17-17341

legitimate reasons for rejecting the opinions. *See Molina*, 674 F.3d at 1115 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).

Second, the ALJ did not err in assigning significant weight to the opinion of Dr. Metcalf, a nonexamining medical advisor, because the ALJ properly considered the requisite factors and explained how they weighed in favor of Dr. Metcalf's opinion. *See* 20 C.F.R. § 404.1527(c) (listing factors ALJ should consider in weighing medical opinions, including consistency with the record as a whole); *Thomas*, 278 F.3d at 957 ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

2.      The ALJ did not harmfully err in discounting Hamm's testimony, because the ALJ offered "specific, clear and convincing reasons for doing so." *Trevizo*, 871 F.3d at 678 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014)). Indeed, the ALJ provided several specific, clear and convincing reasons supported by substantial evidence for discounting Hamm's testimony, including: (1) Hamm's testimony was inconsistent with, and unsupported by, the medical evidence of record, *see Carmickle*, 533 F.3d at 1161 (ALJ may discount a claimant's testimony as inconsistent with the medical evidence); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ may consider a lack of corroborating medical evidence as one

factor in the credibility determination); (2) Hamm's "poor effort" on physical examinations suggested Hamm exaggerated her symptoms, *see Thomas*, 278 F.3d at 959 (finding the claimant's lack of effort during two examinations undermined claimant's credibility); and (3) Hamm's work history also undermined the credibility of her testimony, *see Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (recognizing an ALJ properly discounted claimant's testimony where the claimant left work because "he was laid off, rather than because he was injured"). Therefore, even assuming the ALJ's other proffered reasons for discounting Hamm's testimony were erroneous, any such error was harmless, because the ALJ offered other specific, clear, and convincing reasons for discounting Hamm's testimony. *See Molina*, 674 F.3d at 1115.

**AFFIRMED.**