NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KRISTOPHER A. BOGGS, | No. 18-36046 |
| Plaintiff-Appellant, | D.C. No. 6:17-cv-01583-MK |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted July 9, 2020[**]
Portland, Oregon

Before: BENNETT and MILLER, Circuit Judges, and NAVARRO,[***] District Judge.

Kristopher Boggs appeals from the district court's judgment affirming the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Gloria M. Navarro, United States District Judge for the District of Nevada, sitting by designation.

Social Security Administration's denial of his application for disability benefits and partial denial of his application for supplemental security income benefits. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1.    The administrative law judge (ALJ) did not err by rejecting the opinion of a treating physician, Dr. Crist, which he found to be inconsistent with the opinions of the Veterans Affairs (VA) providers who also treated Boggs. In placing less weight on Dr. Crist's opinion, the ALJ provided "specific and legitimate reasons that are supported by substantial evidence in the record." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009) (citation omitted); *see* 20 C.F.R. § 404.1527(c)(2)–(6).

In 2014, Dr. Crist opined—based on tests conducted in 2001 and 2007—that Boggs's chronic symptoms were attributable to Lyme disease. The ALJ found that "more recent evidence suggests that [Boggs's] VA treatment providers remained skeptical" of that diagnosis. In 2012, the VA providers again tested Boggs for Lyme disease, but the results were negative. In 2013, a VA internist, Dr. Schmidt, noted that Boggs disagreed with the test results and medical opinions indicating that he did not have Lyme disease, and Dr. Schmidt "amicably deferred" the issue that day. Later that year, Dr. Morad, a VA neurologist, recommended that Boggs seek "[a]lternative explanations for [his] symptoms" because "there is not evidence in this patient's antibody tests to support Lyme disease as an explanation."

Boggs challenges the ALJ's finding on the ground that Dr. Crist used "medically acceptable" testing diagnostics that simply differed from those used by the VA providers. *See* 20 C.F.R. § 404.1527(c)(2). But the ALJ did not question Dr. Crist's diagnostic techniques; he merely questioned Dr. Crist's reliance on the earlier test results in the face of more recent, conflicting medical evidence.

In addition, the ALJ found that Dr. Crist's 2014 opinion heavily relied on Boggs's subjective complaints, citing evidence that Dr. Crist had not seen Boggs in more than 10 months, Dr. Crist had recommended that Boggs see him on an annual basis, and Dr. Crist's own clinical observations were relatively benign. *See Valentine*, 574 F.3d at 692–93.

Boggs contends that the ALJ committed legal error by rejecting Dr. Crist's opinion because it was based on Boggs's self-reports. But if a treating physician's opinion "is based to a large extent on a claimant's self-reports that have been properly discounted as incredible," as in this case, the ALJ may reject the opinion. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (internal quotation marks and citation omitted). Boggs further argues that Dr. Crist's benign clinical findings are consistent with the diagnosis because "chronic Lyme disease may not present with externally observable signs." While the ALJ relied in part on the lack of medical evidence to support Dr. Crist's diagnosis, he also relied on Dr. Crist's own recommendation that Boggs see him just once per year. Indeed, Dr. Crist

reported in 2014 that although he normally "sees patients [quarterly]," Boggs "was better for quite some time." The ALJ's conclusion that Dr. Crist's opinion was entitled to less weight is free of legal error and supported by substantial evidence.

2.     The ALJ also provided "specific, clear and convincing reasons," supported by substantial evidence, for discounting Boggs's testimony concerning the severity and persistence of his symptoms. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). Boggs's reports of debilitating pain and fatigue are inconsistent with the medical evidence showing that his symptoms have been under control since the early 2000s. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). And, as explained above, Boggs's infrequent medical visits—with Dr. Crist's tacit approval—also undermined the alleged intensity of Boggs's symptoms. *See Molina*, 674 F.3d at 1113–14; *see also* SSR 16-3P, 2017 WL 5180304, *9 (Oct. 25, 2017). As the ALJ noted, it is also relevant that Boggs quit working in 2006 because of a company reorganization, rather than due to any physical or mental impairment. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). Although Boggs raises several challenges to these findings, he does not persuasively argue that these findings were unsupported by substantial evidence. *See* 42 U.S.C. § 405(g).

3.     By failing to address it below, Boggs has forfeited his argument that

the ALJ erroneously discounted the testimony of his brother. This is not an "exceptional case in which review" of a forfeited issue "is necessary to prevent a miscarriage of justice"; nor can we consider the issue as "purely one of law." *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (internal quotation marks omitted).

**AFFIRMED**.