NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALICIA KLICK, | No. 18-16537 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02018-GMS |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Submitted September 10, 2020**

Before: LEAVY, CLIFTON, and BYBEE, Circuit Judges.

Alicia Klick appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 405(g). We review de novo. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We affirm the district court's judgment.

Substantial evidence supports the administrative law judge's ("ALJ") finding that the opinion of Dr. Geary, an examining doctor, was entitled to minimal weight and the opinions of Drs. Zeuss and DeFelice, state agency reviewing doctors, were entitled to great weight. *See id.* The ALJ provided specific and legitimate reasons, supported by substantial evidence in the record, for his assessment by explaining that Dr. Geary's opinion was inconsistent with the results of testing that he performed, and the reviewing doctors' opinions were consistent with other objective medical evidence, including psychoneurological test results and CT scans of claimant's head. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (specific and legitimate reasons for rejecting the opinion of an examining doctor may include inconsistency with objective evidence in the medical record).

Substantial evidence also supports the ALJ's finding that Klick's symptom testimony was "not entirely credible." *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (standard for analyzing testimony). The ALJ performed the required two-step analysis and provided specific, clear and convincing reasons for his finding by citing the medical record, Klick's lack of follow-through in treatment, and her sporadic work record. *See Molina*, 674 F.3d at 1113-14 (ALJ may consider claimant's failure to seek treatment or to follow a prescribed course

of treatment); *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (ALJ properly discounted claimant's testimony where claimant left work because he was laid off, rather than because he was injured); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (objective medical evidence is a relevant factor in assessing testimony).

**AFFIRMED.**