NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHARON ROSE HOWELL, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant-Appellee. | No. 17-35505 <br><br> D.C. No. 6:16-cv-00271-SB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted January 14, 2021[**]

Before: GOODWIN, CANBY, and LEAVY, Circuit Judges.

Sharon Rose Howell appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act. We have jurisdiction

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The Administrative Law Judge (ALJ) provided specific and legitimate reasons to discount the opinion of treating physician Dr. Bert as inconsistent with and unsupported by the record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency between physician's opinion and the medical record was a specific and legitimate reason to reject the opinion); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (ALJ need not accept an opinion that is "inadequately supported by clinical findings"). The ALJ considered the requisite factors and applied the correct legal standard in evaluating the medical opinion evidence. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (citing 20 C.F.R. § 404.1527(c)(2)-(6)); *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ is responsible for resolving conflicts in the medical testimony).

The ALJ provided specific and legitimate reasons to discount the opinion of examining psychologist Dr. Wahl as inconsistent with the medical record and Howell's activities. *See Tommasetti*, 533 F.3d at 1041; *Morgan v. Comm'r of Soc. Sec. Admin*., 169 F.3d 595, 602 (9th Cir. 1999) (no error where ALJ rejected a physician's opinion as inconsistent with the claimant's activities). Any error in discounting Dr. Wahl's opinion as relying upon Howell's subjective reports was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error is

17-35505

harmless where it is "inconsequential to the ultimate nondisability determination") (citation and internal quotation marks omitted).

The ALJ proffered specific, clear, and convincing reasons to discount Howell's symptom testimony because she stopped work for reasons other than disability; because her testimony that medication was not effective was inconsistent with her statements to providers; and because her alleged limitations were inconsistent with specific activities, including driving for two hours, reading for pleasure, and regularly participating in activities at her church. *See Molina*, 674 F.3d at 1113 (claimant's activities, which included attending church and shopping, undermined her allegations of disabling social limitations); *Tommasetti*, 533 F.3d at 1040 (inconsistent symptom reporting was a clear and convincing reason to discount testimony); *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (ALJ properly discounted claimant's testimony because he left work for reasons other than his impairments). Any error in the ALJ's additional reasons was harmless. *See Molina*, 674 F.3d at 1115.

The ALJ provided germane reasons to assign "some weight" to a lay witness statement from Howell's husband, Douglas Howell, as relying upon Howell's subjective complaints and unsupported by the record. *See Lewis v. Apfel,* 236 F.3d 503, 512 (9th Cir. 2001) (no error in discounting lay evidence where limitations alleged were not reflected in the medical record).

17-35505

Finally, the record does not support Howell's contention that the ALJ erred at Step Five. The ALJ determined that Howell had the residual functional capacity ("RFC") to perform light work with limitations, and the vocational expert identified jobs in the light work category that an individual with Howell's RFC could perform. *See Thomas v. Barnhart*, 278 F.3d 947, 960-61 (9th Cir. 2002) (ALJ properly relied on the testimony of a vocational expert to determine that jobs existed in significant numbers in the national economy that a person with the claimant's RFC could perform).

**AFFIRMED.**