NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HINDA ABDI, | No. 20-35950 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-01990-MLP |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted August 4, 2023**
San Francisco, California

Before: O'SCANNLAIN, SILVERMAN, and JOHNSTONE, Circuit Judges.

Hinda Abdi appeals pro se from the district court's judgment affirming the

Commissioner of Social Security's decision denying her application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

We "can reverse only if the [Administrative Law Judge's] findings are based on legal error or are not supported by substantial evidence in the record. Substantial evidence is more than a mere scintilla, but may be less than a preponderance." *Id.* (citations and internal quotation marks omitted). Further, "[i]f the evidence is susceptible to more than one rational interpretation," one of which supports the findings of the Administrative Law Judge (ALJ), "we are required to affirm." *Id.* (citations and internal quotation marks omitted). Here, the ALJ applied the correct legal standards and supported her decision with substantial evidence.

The ALJ committed no reversible error in crediting the opinions of treating physician Gregory Gutke and examining physicians David Whitney and Roman Kutsy, where the ALJ found these opinions consistent with Abdi's work history, her receipt of unemployment benefits, and the longitudinal medical record. *See* 20 C.F.R. § 404.1527(c)(2)-(6) (in weighing medical opinions, the ALJ must consider factors including supportability and consistency with the record). Abdi's contention that Drs. Gutke, Whitney, and Kutsy were biased against her is unsupported by the record. Further, the ALJ did not err in assigning no weight to a statement from treating physician Kim Holland, where Dr. Holland did not provide

2                                                                                          20-35950

any assessment of Abdi's functional capacity. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (no error in ALJ's rejection of a medical opinion for failure to specify functional limits).

Abdi's contention that she did not receive a proper medical evaluation likewise is unsupported. To the extent that Abdi contends the ALJ failed to develop the record, the contention fails because there is no indication that the record before the ALJ was ambiguous or insufficient. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (an ALJ's duty to develop the record is triggered when the record is ambiguous or insufficient for the ALJ to render a decision).

With her opening brief, Abdi submitted a notice of an award of benefits from a later, second application and the recent medical evaluation that supported it. To the extent that Abdi requests remand based on the subsequent award of benefits, we deny the request. This later award concerns a later time period, an older age classification, and different medical evidence; accordingly, Abdi has not shown that it is material to this appeal. *See* 42 U.S.C. § 405(g) (this court may remand for consideration of additional evidence upon a showing that the evidence is material and good cause exists for the late submission); *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001), *as amended* (Nov. 9, 2001) (concluding that a

subsequent award of benefits was not material where it "involved different medical evidence, a different time period, and a different age classification").

We do not consider Abdi's assertion that she was not properly represented, because she did not raise this issue before the district court, *see Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006), and she develops no claim of error here, *see Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e review only issues which are argued specifically and distinctly in a party's opening brief.") (citation and internal quotation marks omitted).

**AFFIRMED.**