NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 2 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAULA HUGHES,

Plaintiff-Appellant,

v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

Defendant-Appellee.

No.   22-16285

D.C. No. 2:21-cv-00541-MTL

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted July 2, 2024**

Before:   D. NELSON, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

Paula Hughes appeals pro se the district court's order affirming the

administrative law judge's (ALJ) decision denying her application for disability

insurance benefits and supplemental social security income under Titles II and XVI

of the Social Security Act, 42 U.S.C. § 423.  We have jurisdiction pursuant to 28

---

*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We "review the district court's order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). We affirm.

Hughes argues that the ALJ erred in determining that she had engaged in substantial gainful activity during the impairment period. At step one, the ALJ found that Hughes engaged in substantial gainful activity between January 1, 2018, through December 31, 2018, and that her earnings were "well above the threshold to presumptively qualify her work during 2018 as substantial gainful activity." *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004); *see also* 20 C.F.R. §§ 404.1574(b)(2), 404.1575(b)(2). This determination is supported by substantial evidence. Hughes' assertion that her wages were tampered with and altered to reflect a higher amount finds no support in the record. Hughes' average monthly income in 2018 exceeded the guideline income under the Social Security Administration's guidelines for that year, and thus the ALJ did not err in determining that Hughes was engaged in substantial gainful activity during the impairment period.

Hughes also argues that the ALJ erred when it determined that she could perform her past relevant work despite finding that she has severe impairments. At

2

step two, the ALJ determined that Hughes had the following severe impairments: degenerative disc disease of the cervical spine and lumbar spine, and obesity. At step three, the ALJ found that Hughes did not have an impairment or combination thereof that met or medically equaled a listed impairment. Next, the ALJ determined that Hughes had the residual functional capacity for medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c). At step four, the ALJ found that Hughes could perform her past relevant work, and therefore was not disabled from the alleged disability onset date through the date of the decision.

Contrary to Hughes' arguments, the ALJ's determination that Hughes had severe impairments is not inconsistent with the ALJ's finding that Hughes could nevertheless perform medium work and could perform her past relevant work as a certified nursing assistant, companion, spa room attendant, childcare provider, hair braider, and housekeeper. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228–29 (9th Cir. 2009). We therefore conclude that the ALJ's disability determination is supported by substantial evidence.

Next, Hughes argues that the ALJ erred in discounting the opinion of treating physician Dr. Parker while crediting the opinion of other physicians. The ALJ did not err in giving no weight to Dr. Parker's opinion because Dr. Parker's March 2016 opinion predated Hughes' disability onset date of January 2017. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008)

3

("Medical opinions that predate the alleged onset of disability are of limited relevance.")

Hughes also contends that the district court erred in declining to remand her case to the ALJ to consider new evidence from July 2021. This argument is also without merit. We deny Hughes' request for remand to add evidence to her case under 42 U.S.C. § 405(g) because the 2021 determination evaluated Hughes' spinal condition with new evidence using different, newly applicable agency regulations and distinct functional criteria. *See Bruton v. Massanari,* 268 F.3d 824, 827 (9th Cir. 2001), *as amended* (Nov. 9, 2001).

Finally, we reject Hughes' claim that the district court exhibited judicial bias against her. Hughes' allegation that the district court judge "argued [the] case for the defense" and that its order was thus not "impartial or fair" finds no support in the record. The district court conducted a thorough analysis of the evidence and record in affirming the ALJ's decision. It is well-established that, to succeed on a judicial bias claim, "the petitioner must 'overcome a presumption of honesty and integrity in those serving as adjudicators.'" *Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Because the essence of Hughes' allegation of judicial bias was that the district court's ruling was adverse to her, she cannot overcome the presumption of judicial

integrity, and her claim necessarily fails. *Taylor v. Regents of Univ. of California*, 993 F.2d 710, 712 (9th Cir. 1993); *Larson*, 515 F.3d at 1067.

**AFFIRMED**.